285 F.2d 250
 Lewis A. NIXON, Appellant,
v.
LOYAL ORDER OF MOOSE LODGE NO. 750, a fraternal benefit
society organized and transacting business under the laws of
the state of West Virginia and whose business office is
located at Mullens, West Virginia, Appellee.
 No. 8123.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 7, 1960.
Decided Dec. 30, 1960.
 
 1
 Arthur Ritz Kingdon, Mullens, W. Va. (Frederick T. Kingdon, Mullens, W. Va., on brief), for appellant.
 
 
 2
 D. Grove Moler, Mullens, W. Va., for appellee.
 
 
 3
 Before SOPER and BOREMAN, Circuit Judges, and LEWIS, District Judge.
 
 
 4
 LEWIS, District Judge.
 
 
 5
 The plaintiff filed an action, grounded on diversity of citizenship, in the District Court for the Southern District of West Virginia, claiming damages in the amount of $6,000.00[1] for breach of contract. The defendant in its answer and by motion to dismiss challenged the jurisdiction of the Court on the ground that the amount actually in controversy is less than $3,000.00, exclusive of interest and costs.
 
 
 6
 Upon considering the motion to dismiss, the District Court took into consideration not only the pleadings but the answers to the interrogatories and exhibits attached thereto, whihc were stipulated as a part of the record.
 
 
 7
 The Court granted the motion to dismiss for lack of jurisdiction, in that the amount in controversy was less than $3,000.00, and the plaintff appealed.
 
 
 8
 The plaintiff's recovery in the case under consideration is limited by the terms of the written agreement between the parties dated August 9, 1956. Section (5)[2] of that agreement controls the determination of this suit.
 
 
 9
 Pursuant to the terms thereof, the plaintiff computed the estimated cost of the completed project and billed the defendant as follows:
 
 
 10
 October 2, 1956 (on account of work
performed to date on an estimated
cost of $40,000.00)-- $ 640.00
July 8, 1957 (based on estimated
cost of $60,000.00) @ 6%-- $3,600.00
Less amount paid-- 640.00 2,960.00
August 2, 1957-- 2,960.00
January 29, 1958-- 2,960.00
 
 
 11
 On November 8, 1957, the plaintiff wrote the defendant as follows:
 
 
 12
 '* * * I did not base my fee on the bid, but on the average cost of work we have been doing here. This I feel justified in doing since you did not want to take more bids at the time.
 
 
 13
 'My work has been done and I am entitled to receive payment for it whether or not you ever build from the plans. Postponement of the work or abandonment of the work for which plans have been made is never a reason for withholding the payment of the architect's fee.'
 
 
 14
 The project was abandoned and the defendant did not pat the bill as rendered. Thereafter, to-wit: July 3, 1958, the plaintiff filed suit against the defendant, claiming $6,000.00 in damages for breach of the aforesaid contract, alleging he was entitled to 8% Of the contractor's final cost of said project, based on a $75,000.00 cost figure.
 
 
 15
 Plaintiff attempts to justify his claim on the ground the 'statements as rendered' were only an offer on his part to compromise. The offer was not accepted by the defendant and therefore he was not bound. He further contends that in the event his theory of compromise is not accepted, then it should be considered as an 'account rendered'. Both of these contentions are without merit.
 
 
 16
 This Court, in McDonald v. Patton, 4 Cir., 240 F.2d 424, at page 426, decided how far a federal court may inquire preliminarily into the merits of an asserted claim in order to determine whether or not the required jurisdictional amount of $3,000.00 is involved, quoting therefrom:
 
 
 17
 '* * *, it has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. Such is the doctrine laid down in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845.'
 
 
 18
 The District Court, upon consideration of the interrogatories and exhibits submitted in support of the plaintiff's claim, was satisfied to a legal certainty that the plaintiff was never entitled to recover more than the sum of $2,960.00, exclusive of interest and costs, and that his claim was therefore colorable for the purpose of conferring jurisdiction. Whereupon the suit was dismissed without prejudice to the right of the plaintiff to institute an action upon his claim as asserted in the complaint filed herein in any state court of competent jurisdiction.
 
 
 19
 The ruling of the Trial Judge is in accord with the principles enunciated in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 703, 78 L.Ed. 1248:
 
 
 20
 'From the beginning suits between citizens of different states, or involving federal questions, could neither be brought in the federal courts nor removed to them, unless the value of the matter in controversy was more than a specified amount. Cases involving lesser amounts have been left to be dealt with exclusively by state courts. * * *
 
 
 21
 'Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution (Amendment 10), to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution (article 3). See Kline v. Burke Construction Co., 260 U.S. 226 (233, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077). Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, 284 U.S. 521 (52 S.Ct. 217, 76 L.Ed. 447); compare (Town of) Elgin v. Marshall, 106 U.S. 578 (1 S.Ct. 484, 27 L.Ed. 249).'
 
 
 22
 And the judgment complained of is,
 
 
 23
 Affirmed.
 
 
 
 [1]
 The jurisdictional amount was $3,000.00, exclusive of interest and costs, as of the date of the institution of this suit
 
 
 [2]
 'Payment to the Architect, on account on his fee shall be made as follows * * *:
 'Upon completion of the preliminary studies, a sum equal to 20% Of the basic rate computed upon a reasonable estimated cost.
 'Upon completion of specifications and general working drawings (exclusive of details) a sum sufficient to increase payments on the fee to 75% Of the rate or rates of commission arising from this agreement, computed upon a reasonable cost estimated on such completed specifications and drawings, or if bids have been received, then computed upon the lowest bona fide bid or bids.'