Anthony J. Di Giovanna, J.
The trial of this action resulted in a judgment in favor of the plaintiff administratrix in the sum of $18,523, plus additional interest and costs amounting in all to $18,002, and judgment was entered in the sum of $37,379.65.
On March 16 a motion was made in the action by the attorneys for the plaintiff “ for an order directing payment of the amount of the judgment recovered herein by the motor vehicle accident indemnification corporation.” It is claimed that the decedent was a “ qualified ” person within the intendment of article 17-A of the Insurance Law and that the defendants were uninsured motorists. At the call of the calendar an opposing affidavit was submitted consenting to the application provided the ‘ ‘ Wherefore ” clause in the moving papers be amended to read as follows: ‘ ‘ wherefore, petitioner prays for an order directing the MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION to
make payment pursuant to the provisions of Section 610 and Section 616 of the Insurance Law. ’ ’ It was alleged in the opposing affidavit that in a telephone conversation with plaintiff’s attorney the latter had agreed to the inclusion of this statutory requirement. An order was agreed upon to be settled on notice. The order made in the action provided, in addition to other matter, the following: ‘ ‘ the motor vehicle accident indemnification corporation be and it hereby is directed to make payment to the attorneys for plaintiff of the sum of $10,854.65 with interest from February 2,1962 ’ ’. The consent referred to in the opposing affidavit did not specifically consent to any amount but only to that amount allowable under article 17-A. An order was then settled on notice and routinely signed by the court directing payment. The amount of $10,854.65 with interest from February 2, 1962, had been inserted in ink, and it was taken for granted that the opposing party had consented to it.
Two motions have been presented to this court now. The first is by the plaintiff “ for an order directing the entry of judgment against the motor vehicle accident indemnification *978 corporation for the sum of ten thousand eight hundred piety pour ($10,854.65) and 65/100 dollars with interest from February 2, 1962 and that plaintiff have execution therefor.” The cross motion is for an order resettling the prior order by striking therefrom the provision directing payment of $10,854.65 and substituting therefor a provision for the payment of $10,000 only.
These motions caused the court to study and review article 17-A. As a result the court has come to the conclusion that no motion in the action for the direction to pay could have been initially made because section 610 requires that a special proceeding be commenced by a judgment creditor against the MVAIC. Furthermore, in a review of the prior proceedings, the court has discovered that in the County Clerk’s file is a notice of appeal by the attorneys for the defendant dated February 13, 1962 and duly served by mail upon the attorneys for the plaintiff on the same date. Section 610 says: “ When any qualified person who has complied with all the applicable requirements of this article recovers a final judgment in any court of competent jurisdiction in this state, against a financially irresponsible motorist, * * * and the time for appeal from such judgment has expired, or if an appeal was taken from such judgment and the judgment was affirmed and the time for any further appeal has expired, such judgment creditor may, upon the termination of all proceedings, file a verified petition in the court in which the judgment was entered * * # for an order directing payment ”.
None of the papers submitted on the original application referred to the fact that a notice of appeal has been filed and that the appeal is still pending but, on the contrary, the verified petition states the following: “ Upon information and belief all proceedings herein have terminated.” Clearly, the proceeding, assuming the form it took was correct, was prematurely commenced. It has now likewise come to the attention of the court that the petition is defective. The petition commences as follows : ‘ ‘ The petition of Carrie Groves * * * respectfully shows ” and terminates “ Wherefore petitioner prays for an order directing ’ ’. The name ‘ ‘ Carrie Groves ” is in typewriting and underneath that are the names of the plaintiff’s attorneys in handwriting. Following that, one of the attorneys appended a verification in which he states, “ Deponent further says that the reason this verification is made by deponent and not by the petitioner is because the said petitioner does not have personal knowledge of the facts and circumstances herein contained and although a resident of Kings County is presently unavailable for -the purpose of verifying this petition.” Clearly, this is not *979 a petition by the judgment creditor and should not have been submitted to this court by the attorneys. Section 610 requires a petition to be made by the judgment creditor and requires certain information from the judgment creditor and not from the attorney.
Furthermore, section 611 entitled “ Hearing on application for payment or judgment ’ ’, specifically uses the word ‘ ‘ Hearing ” and commences as follows: “ The court shall proceed upon such petition, in a summary manner, and the petitioner shall be required to show ’ ’. Then there are outlined seven specific facts which must be proven by the petitioner upon the hearing. Not one of those items has been shown in the petition. Nor has the petition, even if it be assumed that the appended writing is a petition, contain the facts required under section 611. In any event, the attorneys should have known that the relief sought under section 610 is unavailable until a hearing has been held by the court at which those facts are proven to the satisfaction of the court. It is quite apparent that the court is appointed by the Legislature as a guardian or overseer of the MVAIC to supervise and control the paying out of money by that corporation upon claims such as this. The court is charged with the duty to investigate the factual proof required under section 611 upon a hearing, and then direct payment. The practice of MVAIC of consenting to entry of an order without a hearing is improper. The court is not a rubber stamp for MVAIC, but is charged with the duty of approving payment only after the factual proof required in section 611 has been submitted.
The importance of the hearing when viewed in the light of the duty placed upon the court by the Legislature is illustrated by a discussion of section 611. For instance, the judgment creditor is required to prove he is a qualified person. The so-called petition submitted herein failed to so state. In any event, even assuming that it was stated in those words that he was a qualified person, at the hearing the judgment creditor would be required to submit facts from which the conclusion could be drawn that he was a qualified person. It would not be sufficient alone to state that he was a qualified person; he would have to prove that he himself did not own an automobile and have his own insurance thereon or that another member of his household had such insurance on a vehicle under which he would be insured and in other ways negative the fact that he was an insured person rather than a qualified person. Assuming that such judgment creditor would have filed a notice of claim as a qualified person if it appeared at the hearing that he was an insured *980 person, his right to claim payment as a qualified person would cease. Similar discussion can be had with respect to each of the six additional subdivisions. The court charged with this duty cannot accept the entry of a consent order unless such proof is adduced at the hearing.
Another important aspect of section 610 must be considered. The original order signed herein provided for the payment of $10,854.65 with interest from February 2,1962. Subdivision (a) provides: “ The maximum amount or limit of ten thousand dollars, exclusive of interest and costs ” shall be ordered to be paid. It appears clear to me that the maximum amount that MVAIC can be compelled to pay at any one time is $10,000. If the Legislature had required the payment of interest and costs it would have stated in simple language that fact. Instead of using the phrase 1 ‘ exclusive of interest and costs ’ ’ it would have said ‘‘ together with interest and costs.” It is my considered opinion that the word “ exclusive ” is synonymous with the word ‘ ‘ excluding ’ ’ and that it was the intention of the Legislature that MVAIC pay only up to $10,000 on the principal subject of the litigation not including interest and costs.
Another feature that should be discussed is the premature filing of an application under section 610. Article 17-A gives the right to MVAIC to appeal from a judgment rendered against the uninsured defendant on whose behalf it would pay out moneys. To the extent that it becomes substituted in place of the defendant on the appeal it is in opposition to the plaintiff’s claim resulting in the judgment. Section 616 requires that when an order to pay has been made by the court an assignment must be executed by the judgment creditor to the MVAIC so that the latter could reimburse itself to the extent of the amount directed to be paid by proceeding against the judgment debtor, any balance above that going to the judgment creditor. It is obvious that if the petition under section 610 is filed before the appeal has been terminated and all proceedings terminated, the attorneys for the appealing defendant would be in the anomalous position of also being the attorneys for the judgment creditor. Obviously the Legislature did not intend such a situation to exist and for that reason required that all appeals be terminated before an order may be made.
Under the circumstances and by virtue of the prayer for such other and further relief in the cross motion and because of the void nature of the order previously made, the court vacates the order of March 21, 1962 in its entirety without prejudice to the judgment creditor to proceed in the future in the manner outlined above. Motion for judgment denied.