■ In the Matter of EDDIE MOORE, as Administrator of the Estate of LULA B. MOORE, Deceased, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to statute (Insurance Law, art. 17, § 610 *et seq.*), to require the Motor Vehicle Accident Indemnification Corporation (hereafter called "MVAIC") to pay $10,000, plus interest and costs, upon a judgment of the Supreme Court, Kings County, entered September 20, 1961 in the petitioner's favor in an action to recover damages for the wrongful death of petitioner's intestate, the MVAIC appeals from an order of said court, dated February 5, 1962, which, on reargument, directed it

to pay to petitioner said sum of $10,000, together with interest thereon at the rate of 6% from February 16, 1959 (the date of intestate's death) to the date of payment, together with $262.25 costs, as theretofore taxed. Order modified on the law by amending its second decretal paragraph so as to provide that the MVAIC shall pay to petitioner interest on the $10,000 computed from the date of entry of said judgment, to wit, September 20, 1961, to the date of payment, instead of from February 16, 1959, the date of the intestate's death. As so modified, order affirmed, without costs. In our opinion, MVAIC's liability for interest is to be calculated on the basic sum of $10,000 which is the maximum limit of its responsibility under the statute (Insurance Law, § 610), and such interest should be computed from the date of entry of the unpaid judgment in the death action. The interest which had accrued on the verdict in such action was "part of the damages" recovered therein by the petitioner and forms no part of the MVAIC's statutory liability (*Davenport* v. *Webb*, 11 N Y 2d 392; *Cleghorn* v. *Ocean Acc. & Guar. Corp.*, 244 N. Y. 166). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.