Lewis W. Olliffe, J.
Petitioner seeks an order directing Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, to pay him the amount of the judgment he obtained in an action against an uninsured motorist, to wit, the sum of $7,733.25, together with interest on the judgment from October 18,1962, the date of entry thereof (Insurance Law, § 610).
Included in the judgment are, in addition to the verdict of $7,500, the sum of $28.75 in interest on the verdict and costs in the sum of $204.50.
MVAIC makes the limited concession that petitioner is “ entitled ” to the sum of $7,500, that being the amount of the court’s verdict. But MVAIC contends that the payment of interest on the $7,500 verdict, either before or after entry of *1074 judgment, as well as the costs thereon, would contravene the provisions of the Insurance Law (§ 610 et seq.).
When MVAIC interposed the foregoing objection, it was apparently unaware of the recent holding by the Appellate Division of this Department (see Matter of Moore [MVAIC], 18 A D 2d 1006). In the court’s view the Moore case is determinative of the foregoing objection raised by MVAIC and requires a complete rejection of MVAIC’s contention.
In the Moore case, the Appellate Division specifically held (p. 1007) that an injured party is entitled to interest “ from the date of entry of the unpaid judgment” (emphasis supplied).
The Appellate Division also held (p. 1007) therein that “ [t]he interest which had accrued on the verdict in such action was ‘ part of the damages ’ ” (emphasis supplied). The court notes, on the question of costs, that the Appellate Division holding in the Moore case affirmed Special Term’s allowance of costs (to the same effect, regarding MVAIC’s liability for interest and costs, see Matter of Foster v. MVAIC, 36 Misc 2d 598).
While MVAIC conceded that petitioner was “entitled” to $7,500, it objects upon other grounds to the making of an order for payment. The objections, which the court finds untenable, will be hereinafter briefly discussed.
There is no provision in section 616 of the Insurance Law which makes an assignment of the judgment to MVAIC a condition precedent to petitioner’s right to apply for an order of payment. In fact, the language of section 616 presupposes the existence of an order for payment by its provision that MVAIC “ shall not pay any sum, in compliance with an order made for that purpose ” (emphasis supplied).
MVAIC charges that petitioner’s delay of several months in making the instant application has increased the amount of interest payable on the judgment by enlarging the interest period. However, the court does not find, nor does MVAIC make any attempt to show, that such delay has in any way prejudiced the petitioner’s right to receive payment of interest from the date of entry of judgment.
Finally, MVAIC attempts to read into the language of section 610 of the Insurance Law an implication that petitioner was required to issue execution against the judgment debtor and “ to demonstrate that judgment against [the uninsured] was returned unsatisfied ”.
The pertinent language of that section reads as follows: “ When any qualified person * * * recovers a final judgment * * * against a financially irresponsible motorist * * * and any amount remains unpaid thereon * * * *1075 such judgment creditor * * * may apply to the court for an order directing payment * * * of the amount unpaid upon such judgment
It was the stated legislative purpose in adopting the Motor Vehicle Accident Indemnification Law (Insurance Law, art. 17-A) to secure “ to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them ” (Insurance Law, § 600, in effect Jan. 1, 1959; see Matter of MVAIC [Holley], 33 Misc 2d 567, 569). The said indemnification law was adopted upon a finding by the Legislature that a prior law, the Motor Vehicle Responsibility Law of 1956, failed to accomplish the foregoing purpose (see Matter of MVAIC [Holley], supra, p. 569).
As heretofore noted on a prior occasion this 1 ‘ court is averse to restricting, by judicial rule, such newly created remedy, a right unknown under common law, where the literal application of the statutory language satisfies the evident purpose of the Legislature.” (Matter of Savoy [MVAIC], 232 N. Y. S. 2d 396, 399-400.)
It is the court’s opinion that the Motor Vehicle Accident Indemnification Law created a right to collect from MVAIO on a judgment obtained against an uninsured motorist, under the conditions defined in section 610, without the necessity of showing that any attempt was theretofore made to collect on the judgment from the judgment debtor. Motion granted.