■ JOHN J. WALSH, Appellant, v. ROY W. KICKERY, JR., et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. — Order unanimously reversed, with costs, and motion granted, with $10 costs. Memorandum: Respondent MVAIC seeks to avoid payment of costs included in a judgment in favor of John J. Walsh, "a qualified person" (Insurance Law, § 601, subd. b) against Roy W. Kickery and others. After the trial in which it participated, MVAIC tendered to plaintiff the amount of the verdict, without costs, although costs had been earned at that time subject only to the right of the Trial Judge to disallow. (CPLR 8101.) The offer was refused, and thereafter costs were taxed without objection and without application by MVAIC to the Trial Judge to disallow the same. After the entry of judgment, application was made under section 610 of the Insurance Law for payment of the judgment, plus interest from the date of entry of the judgment. The application was opposed by MVAIC on the grounds that: (1) MVAIC, as such, is not liable for costs and interest under the statute; (2) even if so liable such items should not be ordered paid in the exercise of discretion under the circumstances of the case; (3) for other reasons, not necessary to state, interest should not run. In this section 610 proceeding the Special Term Justice, as a matter of discretion, disallowed the costs awarded in the judgment and interest on the judgment and directed that MVAIC need only pay the sum of $4,500, the flat amount of the jury's verdict. This was error, inasmuch as the plaintiff was entitled to costs. (*Matter of Moore* v. *MVAIC*, 18 A D 2d 1006; *Matter of Matos-Miranda* v. *MVAIC*, 38 Misc 2d 1073, affd. 20 A D 2d 647.) The case of *Matter of Mossman* v. *MVAIC* (19 A D 2d 842) relied upon by Special Term and urged by the respondent, cannot be construed in favor of the respondent in the present case. There the court sought to allow costs in an arbitration proceeding, which had not been allowed by the arbitrator. The court held that this could not be done, or in other words that the court before which the 610 proceeding was being held had no right to control in any way costs in the basic proceeding upon which the 610 proceeding was founded. That rule applies to the present case. Furthermore, the language of section 610 is clear. It states in subdivisions (a) and (b) what the maximum amounts or limits of coverage are for a single person or for more than one person "exclusive of interest and costs". This is plainly a statement that interest and costs should not be included in the limitation. Furthermore, if this judgment is paid, MVAIC is entitled to an assignment thereof and "shall be entitled to enforce the same for the full amount thereof with interest and costs". (Insurance Law, § 616.) The construction placed upon CPLR 8101 was erroneous because Special Term had no right or power to go behind the judgment and eliminate costs that had been regularly allowed in another proceeding. Any disallowance of such costs would be for the Trial Judge. The only costs that could be disallowed by Special Term in the section 610 proceeding were those in that precise proceeding. Therefore,

there was no area of discretion to disallow costs. (Appeal from order of Erie Special Term which denied plaintiff's motion to require the MVAIC to pay court costs as taxed, plus interest on the judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.