James **HEAVNER**, Plaintiff,

v.

**STATE AUTOMOBILE INSURANCE COMPANY OF COLUMBUS, OHIO**, Defendant.

Civ. A. No. 70–C–82–R.

United States District Court,
W. D. Virginia,
Roanoke Division.
March 15, 1972.

F. Rodney Fitzpatrick, Roanoke, Va., for plaintiff.

Daniel S. Brown, Hazlegrove, Carr, Dickinson, Smith & Rea, Roanoke, Va., for defendant.

## OPINION AND ORDER
## RULING ON DEFENDANT'S MOTION TO DISMISS

DALTON, District Judge.

This action raises an interesting problem in the area of uninsured motorist coverage. On March 18, 1967 the plaintiff was injured in an automobile accident in Franklin County, Virginia, while riding in a car owned by Madison M. Gray, a citizen of Delaware, and driven by Gray's son-in-law, Ralph Leo Buckle, Jr. The accident was caused by another car driven by one Larry Dean Fisher, against whom the plaintiff has obtained a judgment in this court for $27,946.65 with interest at 6% per annum and his costs in the proceeding. Fisher was an uninsured motorist and the judgment remains unsatisfied. The present action seeks to recover on this unsatisfied judgment against State Automobile Mutual, which insured two cars owned by the plaintiff's mother.

At the time of the accident the plaintiff was 22 years old and a resident of Maryland, living in his mother's household. During most of the year, however, he was a student at the University of Georgia. State Automobile Mutual issued in Maryland a policy insuring two automobiles owned by the plaintiff's mother. The plaintiff used one of these cars, a 1957 Triumph, and it was noted on the face of the policy that the vehicle would be "principally garaged" in the State of Georgia. Maryland law did not require automobile insurance policies to include uninsured motorist coverage and no premium was paid to gain the benefits of this coverage, although on the face of the policy the coverage was clearly available.

In contrast to the law of Maryland, Georgia Code Ann. § 56–407.1 provides in part:

> No automobile liability policy . . . shall be issued or delivered in this State, upon any motor vehicle then principally garaged or principally used in this State, unless it contains an indorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits exclusive of interests and costs which shall be no less than $10,000 because of bodily injury to or death of one person in any one accident . . .

State Automobile Mutual is an insurer licensed to do business in the State of Georgia. It is contended that the stat-

ute overrides the provisions of the policy and accords uninsured motorist coverage to the plaintiff.

The defendant has challenged the jurisdiction of this court on the ground that the amount in controversy is not in excess of $10,000 as required by 28 U.S. C.A. § 1332(a). On the pleadings this court preliminarily overruled the defendant's motion to dismiss but granted it leave to renew the motion, which the defendant has done.

■ The plaintiff sues for $27,946.65 plus interest and cost which is the amount of the judgment obtained against the uninsured motorist. Normally, the amount claimed in good faith by the plaintiff is the amount in controversy. In this case, however, the amount of recovery, if any, is determined exclusively by the Georgia statute and there are no unliquidated damages to be assessed.

The court of appeals for this circuit has held that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case should be dismissed for lack of jurisdiction. McDonald v. Patton, 240 F.2d 424 (4th Cir. 1957); Nixon v. Loyal Order of Moose Lodge No. 750, 285 F.2d 250 (4th Cir. 1960).

When the potential liability of an insurer is less than the jurisdictional amount, the case against it must be dismissed. Doucet v. Travelers Insurance Co., 362 F.2d 263 (5th Cir. 1966); Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63 (5th Cir. 1959). This court concludes, therefore, that if it interprets the Georgia statute to require something less than the jurisdictional amount, the defendant's motion to dismiss should be sustained. The interpretation of a statute is a question of law for the court and the potential maximum recovery will therefore be a "legal certainty."

If it is assumed that the defendant can be subjected by Georgia law to a greater obligation than was contracted for under Maryland law, it seems clear that the defendant's obligation cannot be made greater than the law of Georgia would actually require. The Georgia statute requires the insurer "to pay the insured all sums which he shall be legally entitled to recover as damages . . ., within limits exclusive of interests and costs which shall be no less than $10,000 because of bodily injury to or death of one person in any one accident . . ." The inquiry, then, is whether the requirements of this provision satisfy the federal jurisdictional prequisite.

■ Of course, the general rule is that interest and costs are not included in determining the amount in controversy. 28 U.S.C.A. § 1332(a). When the action is upon a judgment which awarded costs, however, the costs are included in the amount in controversy. Cf. Richie v. Richie, 186 F.Supp. 592 (E.D.N.Y.1960). The amount of the costs is settled by the judgment and, unlike interest awarded subsequent to judgment, the amount does not increase with time. The concern, of course, is that the plaintiff will allow interest to accumulate on the original amount in controversy to reach the jurisdictional amount. Consequently, the question arises whether the Georgia statute imposes liability on the insurer for the costs incurred by the insured in his action against the uninsured tortfeasor.

The case of Matthews v. Allstate Insurance Co., 194 F.Supp. 459 (E.D.Va. 1961), which has been cited by the plaintiff to substantiate his position, is not persuasive for two reasons. Although that case held the insurer liable for interest on the judgment against the uninsured motorist, the decision was reached on the basis of interpreting a policy on which the uninsured motorist coverage premium had been paid. In the case at bar, however, the plaintiff is compelled to rely solely on the requirements of the Georgia statute. Secondly, Matthews held the insurer liable for interest on the judgment against the uninsured motorist by applying the "Supplementary Payments" provision to the un-

insured motorist endorsement. More recently the court of appeals for this circuit held that the "Supplementary Payments" provision was not applicable to uninsured motorist coverage. Bryant v. Liberty Mutual Insurance Co., 407 F.2d 576 (4th Cir. 1969).

It will be noted that the phrase "within limits exclusive of interests and costs" is inherently ambiguous. One court faced with similar language held that the word "exclusive" was synonymous with the word "excluding" and that the indemnification corporation was not liable for interest and costs. Groves v. Hankin, 33 Misc.2d 976, 227 N.Y.S.2d 492 (N.Y.Sup.Ct.1962). Other courts have disagreed. For example a Maryland court has stated:

> Section 162, we think, quite plainly says that the maximum amount payable from the Fund "on account of injury to, or death of, one person" for damages shall be .$10,000 (less $100), but, in computing this maximum amount of damages . . ., interest and costs are payable over and above the amount of damages—there is no other explanation or reason for the insertion of the phrase "exclusive of interest and costs." Simpler v. State, 223 Md. 456, 165 A.2d 464, 468 (1960). See also Lindsay v. Boles, 61 N.J.Super. 516, 161 A.2d 324 (1960); Moore v. Motor Vehicle Accident Indemnification Corp., 18 A.D.2d 1006, 238 N.Y.S.2d 616, aff'd, 13 N.Y.2d 1002, 245 N.Y.S.2d 392, 195 N.E.2d 58 (1963).

While these cases are helpful, they are not precisely on point because the Georgia statute only requires the insurer "to pay the insured all sums which he shall be legally entitled to recover as damages." The Maryland, New Jersey, and New York statutes interpreted in the cases mentioned above do not use the qualifying phrase "as damages." The use of this phrase creates another ambiguity in the statute. If this court were to accept the interpretation that the phrase "exclusive of interests and costs" means that these items are in addition

to the $10,000 limitation, then the question would arise whether "interests and costs" are included within the term "damages" for which the insurer is liable. In other words, the insurer is liable only for the amounts the insured is legally entitled to recover as "damages" and, therefore could only be liable for interest and cost if they were to be considered as damages.

One difficulty with concluding that the word "damages" includes interest and costs is that the statute then means the same thing as if the word "damages" had not been used. That is to say that the phrase "all sums which he shall be legally entitled to recover as damages" would be interpreted to mean the same thing as "all sums which he shall be legally entitled to recover." On the other hand, the meaning of the statute also is not entirely clear if the word "damages" is interpreted not to include "interests and costs." Under that interpretation the statute could mean that if the insurer contracts to pay interest and costs on the judgment against the uninsured motorist, it cannot include such amounts in satisfaction of the $10,000 damage coverage required by the statute.

After considerable deliberation the court has reached the following conclusions. The phrase "exclusive of interests and costs" means that these items are not to be included in computing the minimum limitation of coverage required by the statute. The placing of that phrase *immediately after the word "limits"* implies that the required limit is not to be restricted by including "interests and costs" as an element thereof. If the wording had been "within limits inclusive of interests and costs", the meaning would have been that these items were to be included within the $10,000 limitation. If, instead of this variation, the statute had read "all sums which the insured shall be legally entitled to recover as damages, exclusive of interests and costs" it seems that then the statute would not have required the insurer to pay any sums recovered as costs or in-

terests whether the principal recovery was above or below the $10,000 level.

After reaching this conclusion, it becomes necessary to decide whether the word "damages" includes "interests and costs." There is some judicial authority of assistance here. In Factory Mutual Liability Insurance Co. of America v. Cooper, 262 A.2d 370 (R.I.1970) it was held that the word "damages" included prejudgment interest added to the amount of the jury verdict to obtain the amount of the final judgment. Similarly, Rutkin v. State Farm Mutual Automobile Insurance Co., 195 So.2d 221 (Fla.App.1967) held that items of costs such as witness fees, etc. were included in the term "damages" for which the insurer was liable under the uninsured motorist endorsement. Although the question is difficult, the court concludes that "interests and costs" are included in the generic term "damages." It is the opinion of this court that the Georgia legislature had no special intention in mind when it employed that term in the statute. Interpretations of the statute based on the conclusion that the term "damages" does not include "interests and costs" seem too strained to believe that the legislature actually had them in mind. Since the minimum limitation required by the statute relates to the amount of damages recoverable, it would seem reasonable to modify the limitation by use of the phrase "exclusive of interests and costs" if these items were not in fact items of damages for which the insurer would be liable.

In summary, the court finds that interests and costs are recoverable as items of damages within the meaning of the Georgia statute and that the phrase "exclusive of interests and costs" means that the liability of the insurer for these items is not restricted by the $10,000 required coverage limitation. Accordingly, the amount in controversy as to each insured exceeds $10,000 and the motion to dismiss must be overruled.

The court is further of the opinion that the decision and order entered here-in involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the decision and order may materially advance the ultimate determination of this litigation, pursuant to the provisions of Title 28, U.S.C.A. § 1292(b). An appeal is granted.