■ FRANCES WIREMAN et al., Respondents, v ROBERT REITH, Appellant-Respondent, and SUFFOLK BUS Co. et al., Respondents-Appellants. [633 NYS2d 42] —In an action to recover damages for personal injuries, etc., the defendant Robert Reith appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 14, 1994, which, *inter alia,* denied his motion to correct and amend a judgment entered August 26, 1992. The defendants Suffolk Bus Co. and Martin Logan cross-appeal from the same order.

Ordered that the cross appeal by the defendants Suffolk Bus

Co. and Martin Logan is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by Robert Reith, the motion is granted to the extent indicated herein, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that Robert Reith is awarded one bill of costs, payable by the respondents Suffolk Bus Co. and Martin Logan.

This matter must be remitted to the Supreme Court so that the court can correct several errors. It appears that the court intended to reduce the plaintiff husband's award by $5,000, but confused the plaintiff husband and the plaintiff wife. The record indicates that W.J. Wallace Wireman is the husband, and Frances Wireman is the wife. This mistake led the court to reduce the wife's award instead of the husband's and should be corrected on remittitur.

Additionally, the Supreme Court failed to properly allocate the amount of damages which arose out of each plaintiff's injury, and thus erroneously apportioned the liability of the two insurance companies involved. It is well settled that "derivative damages for loss of consortium and direct damages must be added together to determine the limit of liability for bodily injury sustained by one person" (*Champagne v State Farm Mut. Auto. Ins. Co.*, 185 AD2d 835, 837; *see also, Wasserman v Glens Falls Ins. Co.*, 19 AD2d 552; *Rankin v Travelers Ins. Co.*, 254 App Div 687). The court must therefore add the wife's derivative award for loss of consortium to the husband's primary award for pain and suffering to establish the damages resulting from the husband's injury. Similarly, the court must add the husband's derivative award to the wife's direct award to establish the damages resulting from the wife's injury. This will enable the court to properly apportion liability between the insurance companies.

The court must recalculate the amount of postjudgment interest owed to the plaintiffs. Each of the four checks tendered by the two insurance companies constituted unconditional tender, which terminated the running of postjudgment interest on the amounts paid (*see*, CPLR 5003; *Meiselman v Allstate Ins. Co.*, 197 AD2d 561; *Pellegrino v State of New York*, 133 Misc 2d 888, *affd* 139 AD2d 502). Further, interest should be calculated on a 365 day year (*see*, CPLR 5004).

The appellant's remaining contentions are without merit. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.

