■ Angela Garcia, Individually and as Administratrix of the Estate of Daniel Garcia, Deceased, Respondent, v Eurobungy USA, Appellant. (And a Third-Party Action.) [991 NYS2d 436]—

In an action to recover damages for wrongful death, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 6, 2012, as, sua sponte, directed the dismissal of the complaint for lack of capacity to sue and denied, as academic, the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss any claims regarding pecuniary damages and damages for loss of parental guidance and services purportedly made on behalf of the decedent's children.

Ordered that the appeal from so much of the order as, sua sponte, directed the dismissal of the complaint for lack of capacity to sue is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant argues that the Supreme Court erred in, sua sponte, directing the dismissal of the complaint for lack of capacity to sue. Although the plaintiff lacked the capacity to sue when the action was commenced, the defendant asserts that the defect was cured when letters of administration were issued to the plaintiff while the action was pending. The defendant, however, is not aggrieved by the direction that the complaint be dismissed (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). Moreover, no appeal lies as of right from that part of an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted from that portion of the order that directed the dismissal of the complaint (*see* CPLR 5701 [c]). Accordingly, the defendant's appeal from that portion of the order must be dismissed.

The defendant further contends that the Supreme Court improperly granted leave to the plaintiff to "replead" or commence a new action with additional allegations regarding the pecuniary interests of the decedent's children which were not alleged in the original complaint in this action. Contrary to the defendant's contention, however, the order appealed from does not contain this directive. The court simply directed the dismissal of the complaint for lack of capacity to sue, which the defendant is foreclosed from challenging on appeal due to lack of aggrievement.

In light of the Supreme Court directing dismissal of the complaint for lack of capacity to sue, the Supreme Court denied, as academic, the plaintiff's motion to amend the complaint to assert additional allegations regarding the pecuniary interests

of the decedent's children and denied, as academic, the defendant's cross motion pursuant to CPLR 3211 (a) to dismiss any claims regarding pecuniary damages and damages for loss of parental guidance and services purportedly made on behalf of the decedent's children in this action. The Supreme Court did not make any determination regarding the propriety of the plaintiff interposing additional claims on behalf of the pecuniary interests of the decedent's children, and thus, the defendant's contentions on this issue are not properly before this Court (*see Katz v Katz*, 68 AD2d 536 [1979]).

To the extent that the defendant is challenging the Supreme Court's denial of its cross motion as academic, the contention is without merit. In light of the direction to dismiss the complaint for lack of capacity to sue, which is not subject to review on the defendant's appeal, it was not improper for the Supreme Court to deny, as academic, the defendant's cross motion to dismiss any claims regarding pecuniary damages and damages for loss of parental guidance and services purportedly made on behalf of the decedent's children in the instant action. Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.