■ ELENA ISTOMIN, Respondent, v ALEXANDER ISTOMIN, Appellant. [12 NYS3d 886]—Appeals from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated August 14, 2013, and an order of that court dated February 27, 2014. The order dated August 14, 2013, after a hearing, declared "invalid, null and void, ab initio" an alleged Russian divorce decree finalized on November 27, 2012, and entered in the City of Voronez, Russia. The order dated February 27, 2014, denied the defendant's motion, denominated as one for leave to reargue, but which was, in effect, a motion pursuant to CPLR 5015 (a) to vacate the order dated August 14, 2013.

Ordered that the appeals are dismissed, with one bill of costs to the plaintiff.

In this action for a divorce and ancillary relief, the defendant submitted a purported divorce decree from Russia in support of his claim that the plaintiff had secured a divorce in Russia which was entitled to comity. The Supreme Court, sua sponte, directed a hearing to consider the validity of the document, translated from Russian as a "Notice of Final Divorce Certificate and Divorce Decree," allegedly finalized on November 27, 2012, in Russia and entered in the City of Voronez, Russia. After the hearing, the court issued a written order, dated August 14, 2013, declaring the decree "invalid, null and void, ab initio." The defendant moved, in effect, pursuant to CPLR 5015 (a) to vacate the order dated August 14, 2013. In an order dated February 27, 2014, the Supreme Court denied the motion. The defendant appeals from both of those orders.

The defendant's appeal from the order dated August 14, 2013, must be dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice, and under the circumstances of this case, we decline to grant leave to appeal on our own motion (*see* CPLR 5701 [a] [2]; *Garcia v Eurobungy USA*, 120 AD3d 623, 624 [2014]; *Cuffie v New York City Health & Hosps. Corp.*, 260 AD2d 423 [1999]; *cf. Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 16 [2013]).

The appeal from the order dated February 27, 2014, also must be dismissed inasmuch as the record is inadequate to enable meaningful appellate review (*see Matter of Lynch*, 98 AD3d

510, 511 [2012]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]). "It is the obligation of the appellant to assemble a proper record on appeal" (*Wen Zong Yu v Hua Fan*, 65 AD3d at 1335), which "must contain all the relevant papers submitted on the underlying motion" (*Matter of Lynch*, 98 AD3d at 511). Here, the order dated February 27, 2014, states that it decided a motion made by notice of motion dated October 9, 2013. However, the only motion papers included in the record are dated July 8, 2013, which predate the order dated August 14, 2013, that the defendant was, in effect, seeking to vacate. Therefore, we dismiss the defendant's appeal from the order dated February 27, 2014. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.