■ JOAN D. GAMMAN, Respondent-Appellant, v JILL SILVERMAN, Appellant-Respondent. [24 NYS3d 347]—

In an action, inter alia, to impose a constructive trust upon certain real property, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Woodard, J.), entered November 27, 2013, which, inter alia, granted that branch of the plaintiff's motion which was to direct the defendant's attorney to pay the plaintiff the sum of $120,819.31, together with interest accumulated thereon from November 10, 2010, up to the date of full pay-

ment, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied her application in her reply papers, in effect, to direct the defendant's attorney to pay her additional interest accumulating during the period from May 28, 2010, to November 10, 2010.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The portion of the order cross-appealed from does not decide a motion made on notice. No appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701 [a] [2]). No application was made for leave to appeal, and, under the circumstances of this case, we decline to grant leave to appeal on our own motion (see Istomin v Istomin, 130 AD3d 575 [2015]; Strunk v New York State Bd. of Elections, 126 AD3d 777, 778 [2015]; Matter of Kiriakoula C., 112 AD3d 821 [2013]). Accordingly, the cross appeal must be dismissed.

The plaintiff commenced this action, inter alia, to impose a constructive trust upon certain real property. The property was sold during the pendency of the action, and, pursuant to a stipulation of the parties, after the sale, the net proceeds were placed by the defendant's attorney into an interest-bearing attorney escrow account "until an order of the court or written agreement between the parties." A judgment, dated November 10, 2010, was entered in the action in favor of the plaintiff and against the defendant in the total sum of $120,819.31. In a decision and order dated September 19, 2012, this Court affirmed the judgment (see Gamman v Silverman, 98 AD3d 995 [2012]).

In April 2013, the plaintiff moved, among other things, to direct the defendant's attorney to pay the plaintiff, out of the escrow account, the sum of $120,819.31, together with interest accumulated thereon from November 10, 2010, up to the date of full payment. The Supreme Court properly granted this branch of the plaintiff's motion. While unconditional tender of the judgment amount stops the running of postjudgment interest (see Wireman v Reith, 220 AD2d 582, 583 [1995]; Meiselman v Allstate Ins. Co., 197 AD2d 561 [1993]), contrary to the defendant's contention, the record demonstrates that a tender made by the defendant in March of 2013 was not unconditional (see Cardella v Giancola, 297 AD2d 618, 619 [2002]; Cohen v Transcontinental Ins. Co., 262 AD2d 189, 190-191 [1999]).

The parties' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.