■ JOHN J. CIAFONE, Appellant, v JOBS FOR NY, INC., et al., Respondents. [53 NYS3d 555]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated September 1, 2015, which granted that branch of the defendants' motion which was for leave to renew their prior motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, which had been denied in an order of the same court dated March 24, 2015, and, upon renewal, granted the defendants' motion to dismiss the complaint.

Ordered that the appeal is dismissed, with costs.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Deutsche Bank Natl. Trust Co. v Hounnou*, 147 AD3d 814, 814 [2017] [internal quotation marks omitted]; *see Blaylock v State of New York*, 118 AD3d 836, 836 [2014]). "An appellant's record on appeal must contain all of the relevant papers before the Supreme Court" (*Gaffney v Gaffney*, 29 AD3d 857, 857 [2006]; *see* CPLR 5526). "Appeals that are not based upon complete and proper records must be dismissed" (*Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450, 450 [2002]; *see Ghatani v AGH Realty, LLC*, 136 AD3d 744 [2016]).

Here, the record on appeal is inadequate. The appellant failed to include in the record all of the relevant documents that were before the Supreme Court. The order appealed from recited that opposition and reply papers were read on the defendants' motion, inter alia, for leave to renew their prior motion to dismiss the complaint, yet no such opposition or reply papers appear in the record on appeal. The appeal must be dismissed because these omissions have rendered meaningful appellate review of the court's order virtually impossible (*see Coello v Gonzalez*, 96 AD3d 707, 707-708 [2012]; *Cope v Barakaat*, 89 AD3d 670, 671 [2011]). Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.