Matter of Baker v Motor Veh. Acc. Indem. Corp. (2018 NY Slip Op 03676)





Matter of Baker v Motor Veh. Acc. Indem. Corp.


2018 NY Slip Op 03676


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-03101
2017-07567
 (Index No. 500164/17)

[*1]In the Matter of Valencia Baker, respondent,
v
Motor Vehicle Accident Indemnification Corporation, appellant.


Jamie E. Gangemi (Kornfeld, Rew, Newman & Simone, Suffern, NY [William S. Badura], of counsel), for appellant.
Scott Gilman, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5210 to compel the payment of a judgment, the Motor Vehicle Accident Indemnification Corporation appeals from (1) an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 9, 2017, which granted the petition to compel it to pay the petitioner the principal sum of $38,548.67, and (2) a judgment of the same court entered April 13, 2017, which, upon the order, is in favor of the petitioner and against it in the total sum of $39,023.67.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the petitioner the principal sum of $38,548.67, and substituting therefor a provision awarding the petitioner the principal sum of $27,634.24, and (2) by deleting the provision thereof awarding the petitioner costs and disbursements in the sum of $475, and substituting therefor a provision awarding the petitioner costs in the sum of $200; as so modified, the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
On November 3, 2004, the petitioner, a pedestrian, was injured by an uninsured vehicle owned by Lyudmila Rubin. A notice of claim was served upon the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) (see Insurance Law § 5208). The petitioner commenced a personal injury action against Rubin in the Supreme Court, Kings County. After trial, a judgment was entered on June 3, 2016, in favor of the petitioner and against Rubin in the total sum of $118,871 (hereinafter the underlying judgment).
MVAIC alleged that it sought, on several occasions, to tender its $25,000 statutory liability limit on the underlying judgment, and forwarded to the petitioner's counsel a release reflecting the proper statutory amount. It is uncontested that MVAIC refused to tender payment until the petitioner executed the release. However, the petitioner's counsel demanded and forwarded a release reflecting the sum of $30,108.46. The parties were unable to reach an agreement as to the [*2]amount to be paid and the petitioner thereafter commenced the instant proceeding pursuant to Insurance Law § 5210 against MVAIC to compel the payment of the underlying judgment. MVAIC opposed the petition. The Supreme Court issued an order dated March 9, 2017, granting the petition and directed MVAIC to pay the principal sum of $38,548.67. The order further directed that, in the event payment was not made within 30 days, the petitioner could enter judgment against MVAIC.
When MVAIC did not pay the sum directed in the order, the petitioner sought and obtained a judgment which was thereafter entered against MVAIC on April 13, 2017, in the total sum of $39,023.67. MVAIC appeals from the order and the judgment.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"Where judgment has been entered against an uninsured defendant in favor of a qualified person, Insurance Law § 5210 provides that a qualified person may petition the court to compel MVAIC to pay the amount of a judgment against that uninsured defendant that remains unpaid, subject to the limitations contained therein" (Archer v Motor Veh. Acc. Indem. Corp., 118 AD3d 5, 9, citing Matter of Brandon v Motor Veh. Acc. Indem. Corp., 233 AD2d 604). Here, the petitioner demonstrated that she obtained the underlying judgment against Rubin, which remained unpaid. However, the sum sought by the petitioner, and the amount the Supreme Court directed MVAIC to pay, exceeded MVAIC's statutory limit of liability.
The maximum limit of MVAIC's liability under the Insurance Law is $25,000 (see Insurance Law § 5210[a][1]). MVAIC's contention that the petitioner is not entitled to interest because the delay in payment was caused by the plaintiff's failure to execute a release in the proper amount is without merit. While MVAIC has the right to a release upon the settlement of a claim (see Insurance Law § 5213[b]; CPLR 5003-a), MVAIC is not entitled to such a release when ordered to pay on a judgment. Here, the underlying action was not settled, but terminated with the entry of a judgment. No release is required to be tendered before the payment of a judgment, as it is not an agreement to pay, but an obligation to pay. While unconditional tender of a judgment amount stops the running of postjudgment interest (see Gamman v Silverman, 135 AD3d 814, 815; Wireman v Reith, 220 AD2d 582, 583; Meiselman v Allstate Ins. Co., 197 AD2d 561), here, MVAIC conditioned the tender of the payment upon the execution of the release it provided. Thus, MVAIC's contention that the petitioner caused the delay in payment of the underlying judgment is without merit.
However, contrary to the petitioner's contention, MVAIC's liability for interest should have been calculated based on the sum of $25,000, and such interest should have been computed from the date of entry of the unpaid underlying judgment, that is, June 3, 2016, at 9% per annum (see CPLR 5003, 5004; Matter of Matos-Miranda v Motor Veh. Acc. Indem. Corp., 20 AD2d 647, 647; Matter of Moore v Motor Vehicle Acc. Indemnification Corp., 18 AD2d 1006, affd 13 NY2d 1002; see also Russo v Kemper Group, 146 AD2d 701, 702). Thus, the Supreme Court should have awarded interest in the sum of $1,934.24 (314 days x $6.16). In addition, although the court properly directed MVAIC to pay the costs awarded to the petitioner in the underlying judgment, which were $700, and the costs in this proceeding, which were $200 (see Walsh v Kickery, 24 AD2d 838; Montefel v Medura, 19 AD2d 828, 828), the court should not have directed MVAIC to pay disbursements in the sum of $275, since MVAIC is not obligated to pay disbursements pursuant to Insurance Law § 5210. Accordingly, the petitioner is entitled to recover from MVAIC the principal sum of $27,634.24 ($25,700 [principal and costs from the underlying judgment] plus $1,934.24 [interest]), plus costs in the sum of $200.
The parties' remaining contentions are without merit.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court