Reyes v Eleftheria Rest. Corp. (2018 NY Slip Op 04366)





Reyes v Eleftheria Rest. Corp.


2018 NY Slip Op 04366


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-01691
2016-04509
 (Index No. 701384/14)

[*1]Marilyn Reyes, appellant,
v Eleftheria Rest. Corp., etc., et al., respondents, et al., defendant.


Lowell J. Sidney (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Ginsberg & Katsorhis, P.C., Flushing, NY (Kerry J. Katsorhis of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered February 17, 2016, and (2) an order of the same court dated March 8, 2016. The order entered February 17, 2016, inter alia, granted that branch of the motion of the defendants Eleftheria Rest. Corp. and Matthew Reid which was to vacate a judgment entered July 30, 2015, upon their failure to appear or answer. The order dated March 8, 2016, sua sponte, vacated a so-ordered stipulation entered September 1, 2015.
ORDERED that the appeals are dismissed, with costs.
The order dated March 8, 2016, does not decide a motion made on notice. No appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701[a][2]). No application was made for leave to appeal, and, under the circumstances of this case, we decline to grant leave to appeal on our own motion (see Gamman v Silverman, 135 AD3d 814, 815; Istomin v Istomin, 130 AD3d 575, 575). Accordingly, the appeal from the order dated March 8, 2016, must be dismissed.
With respect to the appeal from the order entered February 17, 2016, "[i]t is the obligation of the appellant to assemble a proper record on appeal" (Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 814 [internal quotation marks omitted]; see Ciafone v Jobs for NY, Inc., 151 AD3d 692; Blaylock v State of New York, 118 AD3d 836, 836). "An appellant's record on appeal must contain all of the relevant papers before the Supreme Court" (Gaffney v Gaffney, 29 AD3d 857, 857; see CPLR 5526). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Ciafone v Jobs for NY, Inc., 151 AD3d at 692; Ghatani v AGH Realty, LLC, 136 AD3d 744). Here, the record on appeal is inadequate. The plaintiff failed to include, among other things, documents that the Supreme Court relied upon and referred to in the order entered February 17, 2016, such as the amended summons and verified complaint. Accordingly, dismissal of the appeal is the appropriate [*2]disposition.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court