Lomtevas v Hamblin (2026 NY Slip Op 01502)

Lomtevas v Hamblin

2026 NY Slip Op 01502

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2022-02898
 (Index No. 1541/18)

[*1]Vera A. Lomtevas, etc., appellant, 
vJeffrey Lee Hamblin, etc., respondent.

Vera A. Lomtevas, Brooklyn, NY, appellant pro se.
Aronson Rappaport Feinstein & Deutsch, LLP, New York, NY (David P. Johnson and Charles F. Hickerson IV of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 23, 2022. The order, in effect, denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the appeal is dismissed, with costs.
It is the obligation of the appellant to assemble a proper record on appeal (see Wilmington Trust Co. v Buscemi, 207 AD3d 503, 505; Lee v Barnett, 134 AD3d 908, 910; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767). An appellant's record on appeal must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901; Fernald v Vinci, 13 AD3d 333). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Avraham v Avraham, 155 AD3d 932; Ciafone v Jobs for NY, Inc., 151 AD3d 692). Since the record compiled by the appellant on this appeal is incomplete, rendering appellate review of the order appealed from impossible, the appeal must be dismissed (see Avraham v Avraham, 155 AD3d at 932; Ciafone v Jobs for NY, Inc., 151 AD3d at 692).
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court