RACHEL M. RADLEY, as Executrix of EARL RADLEY, Deceased, Respondent, *v.* LERAY PAPER COMPANY, Appellant.

*Negligence — husband and wife — marriage of injured person after accident and before his death — widow entitled to recover substantial damages.*

Where an employee, who had received injuries through the negligence of his employer, thereafter married, and the injuries proving fatal, the widow as executrix brought an action to recover for damages for her husband's death, it is immaterial when the relation of husband and wife between the deceased and plaintiff arose. Plaintiff is entitled to recover substantial damages, based upon the expectancy of life of the deceased as of the time of the injury.

*Radley* v. *Leray Paper Co.*, 158 App. Div. 954, affirmed.

(Argued January 12, 1915; decided January 26, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 17, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis E. Cullen* for appellant. The theory of law under which the trial court submitted to the jury the question of damages was an erroneous one, in that it laid down an incorrect rule for the measurement of such damages which was highly prejudicial to the defendant, appellant. (Code Civ. Pro. § 1904; 4 Sutherland on Dam-

ages [3d ed.], § 1264; *Matter of Meekin* v. *Brooklyn Heights R. R. Co.,* 164 N. Y. 145; *Pitkin* v. *N. Y. C. & H. R. R. R. Co.,* 94 App. Div. 31; 109 App. Div. 911; 185 N. Y. 548; *Matter of Leask,* 197 N. Y. 193; *Carpenter* v. *Buffalo G. E. Co.,* 213 N. Y. 101.)

*N. F. Breen* and *Pardon C. Williams* for respondent. The plaintiff was the person for whose benefit the action was brought, and, therefore, the damages might be such sum as the jury deemed to be a fair and just compensation for her pecuniary injuries resulting from the death. (Code Civ. Pro. § 1904; *Gross* v. *El. Traction Co.,* 180 Penn. St. 99.)

HOGAN, J. This action was brought by the widow of one Earl Radley, in the capacity of executrix, to recover damages for the death of Mr. Radley, concededly caused by the wrongful act of the defendant.

Earl Radley, at the time he sustained the injuries which resulted in his death, was twenty-seven years of age, temperate, industrious, in fairly good health, and was earning $1.75 per day. The accident occurred about half past seven in the morning of September 8th, 1911, at the paper mill of the defendant in the village of Carthage, Jefferson county, and soon thereafter Mr. Radley was removed to a hospital at the city of Watertown, some eighteen miles distant, where he died between eight and nine o'clock Monday morning, September 11th, 1911. At the time of the accident Earl Radley was unmarried. He was engaged to marry the plaintiff, who was then twenty-six years of age, and when injured he sent for her. She immediately went to the mill of the defendant, and thereafter accompanied by George G. Radley, the father of Earl Radley, she went to the hospital at Watertown, where the father of Earl Radley remained over Friday night and plaintiff remained until after the death of Earl Radley on Monday morning.

On Friday night the deceased expressed a desire that

3

he and the plaintiff be married; plaintiff having consented, a minister, resident of the city, was called and performed the marriage ceremony about midnight Friday or very soon thereafter.    The defendant upon the trial conceded the validity of the marriage.

Upon the first trial of the action, the trial justice instructed the jury that the interest of the plaintiff personally in the life of the deceased began only at the time of her marriage to the deceased, and that the amount of damages recoverable was the value of the reasonable expectation of pecuniary benefits to the wife from the continuance of his life to be calculated upon the condition of the decedent at the time of the marriage.

The jury awarded plaintiff damages in a substantial amount, which the Appellate Division held to be excessive, in view of the law of the case as held by the trial justice, and for that reason reversed the judgment and ordered a new trial.    The justice writing for the Appellate Division expressed the opinion that the plaintiff would be entitled to recover substantial damages.

Upon a retrial of the action, the trial justice followed the opinion of the Appellate Division and permitted the jury to find substantial rather than nominal damages. The jury awarded the plaintiff a verdict in excess of the amount of the verdict rendered upon the first trial.    Upon appeal the judgment was affirmed by a divided court.

The defendant upon appeal to this court argued that the expectancy of the life of Earl Radley was to be calculated upon his condition at the time of his marriage to the plaintiff, and any recovery by her in this action is to be limited to that expectancy, that plaintiff as matter of law was not entitled to recover more than nominal damages. These questions were presented upon the trial by exceptions to the charge of the trial justice and to refusals to charge, which need not be separately considered as a determination of the questions stated will dispose of the rights of the plaintiff in this action.

On September 8th, 1911, the relation of master and servant existed between the defendant and Earl Radley. On that day Mr. Radley received an injury concededly due to the wrongful act of the defendant by reason whereof a right of action became immediately vested in him to recover damages for any pecuniary loss sustained by him and in addition for pain and suffering of mind and body. Upon his death on September 11th, 1911, that right terminated and a new and distinct cause of action arose in favor of this plaintiff under section 1902 of the Code of Civil Procedure. (*Littlewood* v. *Mayor, etc., of New York,* 89 N. Y. 24; *Matter of Meekin* v. *B. H. R. R. Co.,* 164 N. Y. 145; *McKay* v. *Syracuse R. T. Ry. Co.,* 208 N. Y. 359; *Kelliher* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 207.)

What was the new and distinct cause of action that became vested in the plaintiff upon the death of Earl Radley ? The answer is found in the language of section 1902 of the Code of Civil Procedure, " to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused."

In such an action it was essential to a recovery by plaintiff that she should establish, *first,* that the death of Earl Radley was caused by the wrongful act, neglect or default of the defendant; *second,* that defendant would have been liable to an action in favor of Earl Radley for the injuries inflicted upon him if his death had not ensued. In the case at bar the defendant conceded the facts necessary to establish defendant's liability. The gravamen of the action was clearly the wrongful act, neglect or default of the defendant, which resulted in the death of Mr. Radley. It was the wrongful act of defendant which caused the injuries that ultimately proved fatal, and a right of recovery existed by reason of such wrongful act to be measured by " a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

The statute contemplated that the expectancy of the deceased should be ascertained as of the time of the injury caused by the wrongful act or neglect of the defendant. It would be illogical to hold that the pecuniary damages recoverable are to be measured by the expectancy of the victim at a time subsequent to the moment when fatal injuries were sustained by him as a result of the negligence of the defendant and in his then physical condition.

Such a rule would permit a wrongdoer to assert that the life destroyed by its wrongful act was worthless. It is, therefore, immaterial when the relation of husband and wife between Earl Radley and the plaintiff arose. At the time of the death of Earl Radley, plaintiff was his wife, and, upon his death which resulted by reason of the wrong of the defendant, she was entitled to recover damages for the wrongful act, neglect or default of the defendant which caused the death of her husband.

Our attention has not been called to any decision in this state directly bearing upon the question presented, and research has failed to discover such precedent. Our conclusions are, however, justified by a construction of the provisions of the Code to which attention has been called and in principle by the following cases: *Gross* v. *Electric Traction Co.* (180 Pa. St. 99); *The George & Richard* (L. R. [3 Ad. & Eccl.] 466); *Quinlen* v. *Welch* (69 Hun, 584).

In view of the conclusion we have reached in this case we do not find that error was committed by the trial justice in the admission of evidence upon the trial to which objections were made by the defendant and exceptions noted.

The judgment should be affirmed, with costs.

Willard Bartlett, Ch. J., Hiscock, Collin, Cuddeback and Seabury, JJ., concur; Cardozo, J., absent.

Judgment affirmed.