GUY F. CLEGHORN, Respondent, *v.* THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, OF LONDON, Appellant.

**Insurance (indemnity) — contract — interest — action' to recover upon policy of indemnity insurance — improper inclusion in judgment of interest from date when accident occurred to date of entry of judgment for damages against plaintiff.**

In an action to recover under a policy of indemnity insurance for liability incurred by plaintiff as the result of an automobile accident, where the policy provided for payment of " interest accrued on the judgment rendered " against plaintiff, the inclusion in the judgment of an item of interest on the principal sum found due, from the date when the accident occurred to the date' when the judgment for damages was entered against plaintiff, is erroneous.   The effect of the provision of the policy cannot be overcome by the statutory provision (Decedent Estate Law, § 132) requiring the clerk on rendition of the verdict to add interest from the date of the death of the person injured.   The two provisions are written from entirely different viewpoints and each one is independent of the other.

*Cleghorn* v. *Ocean Accident & Guarantee Corp.*, 216 App. Div. 342, modified.

(Argued November 30, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered April 15, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of Special Term denying a motion by plaintiff for summary judgment and granted such motion.

*Everett F. Warrington* and *Robert H. Woody* for appellant.

*Henry A. Uterhart* and *Alfred M. Schaffer* for respondent.

*Per Curiam.* This action was brought to recover under an indemnity policy issued by the appellant for liability incurred by the plaintiff as the result of an accident caused by his automobile, the principal liability being limited to $5,000, to which was to be added certain interest, costs and expenses.

We agree with the Appellate Division that upon the facts presented by the plaintiff this was a proper case for a summary judgment and, therefore, we shall not discuss this question which has been amply considered in the opinion of Mr. Justice KAPPER.

We think, however, that the court has erroneously permitted to be included in this judgment an item of $1,100 interest on the principal insurance sum of $5,000, from the date when the accident occurred to the date when the judgment for damages caused by such accident and resulting injuries was entered against the plaintiff.

By the terms of the policy the defendant was bound to pay " interest accrued on the judgment rendered " against plaintiff. That would seem to be a perfectly simple statement. The plaintiff, however, seeks to overcome it by the provision which required the clerk on rendition of the verdict in the action brought against plaintiff to add interest from the date of the death of the person who was injured. We do not think, however, that this latter provision overcame the provision of the policy. In fact we see no connection between the two things. The statute in death cases requires addition to the verdict as part of the damages of interest from date of death to verdict. The policy provides for interest from the date of entry of the judgment. The two provisions are written from entirely different viewpoints and each one is independent of the other.

Therefore, the judgment which has been entered should be modified by subtracting the sum of $1,100, being the interest on $5,000 from October 16, 1916, the date of the death of the person who was injured, to June 16, 1920, the date of the entry of the judgment recovered for said death, and also the interest on said $1,100, and, as so modified, affirmed, without costs to either party.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., not voting.

Judgment accordingly.