Lucy D. Welsh, as Administratrix of the Estate of George T. Welsh, Deceased, Appellant, *v.* Peerless Casualty Company, Respondent.

First Department, June 25, 1959.

*Louis J. Jasne* of counsel (*Diamond & Jasne,* attorneys), for appellant.

*Frank J. Wheelan* for respondent.

RABIN, J.   This appeal involves the construction of a contract of excess insurance made by the Peerless Casualty Company (the insurer) and Surface Transportation Corporation of New York (the insured) whereby it was agreed that for any single accident involving Surface, the latter would bear the initial liability of $10,000 and Peerless would pay any sum in excess of that amount up to $40,000.   In effect, Surface was a self-insurer to the extent of the first $10,000 and Peerless an excess insurer up to $40,000.

The appellant, Lucy D. Welsh, as administratrix in an action for death resulting from personal injuries, obtained a judgment against Surface for $19,343.25.   The amount awarded by the court for damages was $12,500 and the action being one for death, there was added to that sum and included in the judgment (pursuant to Decedent Estate Law, § 132) interest from the date of death, amounting to $6,656.25.   The present action was

brought by the administratrix pursuant to section 167 of the Insurance Law, to recover $9,343.25, the excess over $10,000.

Peerless contests plaintiff's right to that amount, contending that under its contract with Surface it is only obliged to pay its proportionate share of interest i.e., on $2,500 since the damage award was $12,500 which is $2,500 in excess of Surface's liability of $10,000. In other words, it is Peerless' position that it cannot be charged with the sum of $6,656.25 representing interest on the award of $12,500 from the date of death to the entry of judgment. The Special Term, accepting Peerless' view, has held that its liability is limited to $2,500 with interest on that amount only, from the date of death, plus its proportionate share of court costs.

Simply stated therefore, the issue is whether under its contract, Peerless is obliged to pay interest from the date of death on only $2,500 as held by the court below or whether, as plaintiff claims, its obligation is to pay interest on $12,500 which amounted to $6,656.25 and which was made a part of and included in the judgment.

The pertinent provision of the policy is section III which after defining the term " ultimate net loss " provides as follows: " Should the Assured retain the primary loss at the Assured's own cost and expense then other loss and legal expenses including taxed court costs and any interest on any settlement verdict or judgment incurred with the consent of the company shall be apportioned in proportion to the respective interests as finally determined."

That provision however, must be read in connection with Items 7 and 8 of the " Declarations " which are referred to in the policy and which are part thereof. They are as follows:

" Item 7. The maximum liability of the Company shall be as follows: The Company's limit of liability shall be Forty Thousand ($40,000) Dollars for one person injured or killed and subject to that limit for each person the Company's total liability for more than one person injured or killed in any one accident or series of accidents arising out of one event or disaster shall be Ninety Thousand ($90,000) Dollars.

" Item 8. Limit of Primary Insurer's policy or Assured's retention: The Assured's Primary Insurer or the Assured shall bear the first amount of Ten Thousand ($10,000) Dollars for one person injured or killed but in no event shall the Assured's total liability for more than one person injured or killed in any one accident or series of accidents arising out of one event or disaster exceed Ten Thousand ($10,000) Dollars."

In determining this controversy the case of *Cleghorn* v. *Ocean Acc. & Guar. Corp.* (244 N. Y. 166) is of great assistance. That case posed a problem, which although not exactly the same as the one posed here, is substantially so. The policy of the defendant in that case provided that the defendant was bound " to pay ' interest accrued on the judgment rendered ' " (p. 167). The question decided there was whether the defendant insurance company was obliged to pay above its limit of $2,500, an amount representing interest from the date of death to the date of entry of the judgment. The Court of Appeals said there was no such obligation. It held that although the clerk, on the rendition of the verdict, was required to add interest from the date of death, such requirement did not, in the light of the policy, obligate the insurer to pay such interest. It held that the policy provided " for interest from the date of entry of the judgment." The interest on the verdict from the date of death, however, was considered by the court as " damages ". Of course the insurance company was liable for the damage sustained and it was only because in the *Cleghorn* case the company had already reached the limit of its policy that it was not required to pay anything additional, except its interest on the judgment as entered. Had its policy limit been high enough to include the statutory amount required to be added by the clerk, it certainly would have been obliged to pay it — such amount being part of the damage.

The situation can be viewed more clearly if when the word interest is used we appreciate that it refers only to interest from the date of judgment as stated by the Court of Appeals and not to the amount added to the verdict by way of interest pursuant to the statute. That amount, as the Court of Appeals likewise held, is purely damage and is covered by the policy apart from interest on the judgment — of course, within the policy limitation. As stated in the *Cleghorn* case " we see no connection between the two things " (p. 167).

Thus, in this case, the defendant Peerless agreed to pay the loss in excess of the sum of $10,000 up to $40,000. Part of that loss is the statutory amount added to the award from the date of death, and, inasmuch as the assured had reached its limit with respect to such loss, and the defendant had not reached the limit of its policy, it becomes the obligation of the defendant to bear that burden.

We see no ambiguity in section III of the policy. If, however, there should be any, that section must be construed against the defendant, it having written the policy. Moreover, Item 8 of the declaration, although included for the purpose of indicating

that the liability of the assured for more than one person injured or killed would not be more than $10,000, nevertheless indicates the limit of the liability of the assured to be $10,000 except, of course, its obligation to pay a proportionate share of interest on the judgment as entered. Everything beyond that sum of $10,000 and up to $40,000 assessed as damage—and as above indicated, it must include the statutory sum added by clerk—must be borne by the defendant. In construing this policy it is of interest to note section XIII as written by the defendant company which is as follows: " Section XIII. This Contract shall be considered an honorable undertaking the purposes of which are not to be defeated by a narrow or technical construction of its provisions but shall be subject to a liberal interpretation for the purpose of giving effect to the real intention of the parties hereto."

Accordingly the order appealed from should be reversed on the law and summary judgment granted striking the defendant's answer, with $20 costs and disbursements to the appellant.

BREITEL, J. P. (dissenting). The contract of excess insurance to be interpreted is one between a corporate limited self-insurer and an insurance company. It expressly provides that interest on any " settlement verdict or judgment " shall be borne proportionately by the limited self-insurer and by the insurance company. The interest item in suit is by statute required to be added to the verdict, and, exactly as prescribed in the contract, the liability therefor is to be borne proportionately by the limited self-insurer. As a consequence, there is no need to resort to a canon of strict construction, or to section XIII of the contract, which is contradictory of any canon of strict construction.

For the same reason, *Cleghorn* v. *Ocean Acc. & Guar. Corp.* (244 N. Y. 166) is not applicable, because it involved a different contractual provision, namely, liability for interest from the date of judgment without reference to the verdict. Hence, both sides in this case rely on that case mistakenly. But if the *Cleghorn* case has any relevancy, it is noteworthy that the court did *not* allow the plaintiff there to recover interest from the date of the death to the date of judgment. Thus, the court, in holding the policy provision for interest and the statutory provision for interest independent of each other, excluded the " damage interest " from plaintiff's recovery and not otherwise. Put another way, the court held that " interest " in the policy meant interest and only interest, while in the statute for purposes of entering judgment it was part of the " damage ", but that there was no connection between the two.

A comment, however, in the *Cleghorn* case in referring to the contract provision there is appropriate to the contract provision here, namely, that the provision " would seem to be a perfectly simple statement " (p. 167). It is only a subtle gloss, conceived and suggested by a noncontracting party, after litigation, which, if accepted, renders the contract provision in suit involved or difficult to construe.

Accordingly, I dissent and vote to affirm the order of Special Term granting summary judgment to defendant.

M. M. FRANK, VALENTE and STEVENS, JJ., concur with RABIN, J; BREITEL, J. P., dissents and votes to affirm in opinion.

Order reversed on the law with $20 costs and disbursements to the appellant; plaintiff's motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of plaintiff for the relief demanded in the complaint, with interest and costs.