Froessel, J. (dissenting).
I do not see how we can affirm here in the light of Kilberg v. Northeast Airlines (9 N Y 2d 34). Section 132 of the Decedent Estate Law, implementing section 16 of article I of our State Constitution, expressly provides that as to a final judgment in a death action ‘ ‘ the clerk must add to the sum so awarded, interest thereupon from the decedent’s death, and include it in the judgment”. We have held that this statute “ requires addition to the verdict as part of the damages of interest from date of death to verdict ” (emphasis supplied). (Cleghorn v. Ocean Acc. & Guar. Corp., 244 N. Y. 166, 167; see, also, Welsh v. Peerless Cas. Co., 8 A D 2d 373, 376, affd. 8 N Y 2d 745.) And in Kiefer v. Grand Trunk Ry. Co. (12 App. Div. 28, 32, affd. on opinion below 153 N. Y. 688), it was held: “ The right to interest is inseparable from the right to damages ”.
Inasmuch as the majority of this court in Kilberg (supra, pp. 41-42) decided that it is open to us, “particularly in view of our own strong public policy as to death action damages, to treat the measure of damages in this case as being a procedural or remedial question controlled by our own State policies ”, and that despite the limitations contained in the Massachusetts wrongful death statute (Gen. Stats, of Mass., ch. 229, § 2), such action may be enforced in this State “ without regard to the $15,000 limit ’ ’, logic and reason dictate that interest, an inseparable part of the damages, was properly allowed here by the Trial Judge. I would, therefore, modify the judgment of the Appellate Division by reinstating the amended judgment of the trial court.
Judges Ftjld, Van Voorhis, Burke and Foster concur with Judge Dye; Chief Judge Desmond concurs in a separate memorandum; Judge Froessel dissents in a separate opinion.
Judgment affirmed.