■ In the Matter of RICHARD RUSSO, as Administrator of the Estate of DEBRA RUSSO, Deceased, Appellant, v KEMPER GROUP, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from (1) so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered May 1, 1987, as denied interest on the arbitration award from the date of death, and (2) so much of an order of the same court dated September 8, 1987 as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 1, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated September 8, 1987; and it is further,

Ordered that the order dated September 8, 1987 is affirmed insofar as appealed from, without costs or disbursements.

On May 29, 1984, at 11:00 P.M., Debra Russo died of injuries she received in an automobile accident which had occurred earlier that day at about 8:15 A.M. The decedent was a passenger in a car, operated by her husband, the petitioner Richard Russo, which was struck by an uninsured vehicle.

An insurance policy issued by the respondent Kemper Group covered the Russo vehicle at the time of the accident and contained an uninsured motorist endorsement. The endorsement provided that the insurer's liability was limited to a maximum of $10,000 for personal injuries per person and a maximum of $50,000 for death per person, with those limits being exclusive of interest and costs.

The petitioner submitted a claim under the uninsured motorist endorsement of his policy and subsequently made a demand for arbitration thereon. An arbitration hearing, at which both sides presented evidence, resulted in an award in favor of the petitioner in the amount of $50,000, the maximum coverage for death under the insurance policy.

Thereafter, the petitioner commenced this proceeding to confirm the arbitration award and for judgment in the amount of $50,000 plus 9% interest from the date of the decedent's death. By order dated April 29, 1987, the application to confirm the arbitration award was granted. However, the request for prejudgment interest was denied upon a finding that the respondent's liability could not exceed the limit set forth in the policy. By order dated September 8, 1987, the court granted the petitioner's motion for reargument and, upon reargument, adhered to its original determination.

A successful party to arbitration is entitled to interest from the date of the arbitrator's award (see, Matter of Durant [MVAIC], 15 NY2d 408). In a wrongful death action, prejudgment interest is recoverable pursuant to EPTL 5-4.3 from the date of the decedent's death. However, such prejudgment interest has been held to be substantive and a part of the damages (see, Cleghorn v Ocean Acc. & Guar. Corp., 244 NY 166; Welsh v Peerless Cas. Co., 8 AD2d 373, affd 8 NY2d 745; Matter of Moore v MVAIC, 18 AD2d 1006, affd 13 NY2d 1002).

In the instant case, the respondent's obligation to insure the petitioner pursuant to the terms of the insurance policy in question and statute (see, Insurance Law § 3420 [f] [1]) was limited to $50,000 for damages arising from wrongful death. Since prejudgment interest is included as part of the damages,

the insurer is not responsible for any amount which exceeds the policy limits *(see, Cleghorn v Ocean Acc. & Guar. Corp., supra).* Under the circumstances, we find that the respondent is liable solely to the limits of the policy for the total sum of $50,000 plus interest from the date of the arbitration award. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.