■ LEAH ASHKENAZY et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. [665 NYS2d 99] —In a wrongful death action which was converted by the Supreme Court, in effect, to an action for a judgment declaring that the defendant is obligated to pay the plaintiffs prejudgment interest, the plaintiffs appeal from an order of the Supreme Court, Kings County (Demarest, J.), dated September 25, 1996, which denied their motion for summary judgment declaring that the defendant is obligated to pay prejudgment interest from the decedent's date of death, and granted the defendant's cross motion for summary judgment declaring that it was not so obligated.

Ordered that the order is affirmed, with costs.

This litigation began as a wrongful death action arising from the shooting death of the plaintiffs' decedent during a robbery at his business premises. The plaintiffs settled with the various defendants, including Bay Ridge Security Service (hereinafter Bay Ridge), the company responsible for providing security at the premises, which tendered to the plaintiffs the balance of its liability insurance policy after paying a very

small portion of it to a person who was injured at the premises. The plaintiffs and Bay Ridge's insurance carrier National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union) stipulated to leave to the court the question of whether National Union is liable pursuant to EPTL 5-4.3 for prejudgment interest in excess of the limits of Bay Ridge's liability coverage.

Absent a contractual provision to the contrary, a liability insurance carrier is not liable for prejudgment interest in excess of the limits of the policy (*see, Cleghorn v Ocean Acc. & Guar. Corp.,* 244 NY 166; *Matter of Russo v Kemper Group,* 146 AD2d 701). Because the policy in this case does not contain a provision requiring National Union to pay prejudgment interest in excess of the policy's limit of liability, the Supreme Court properly granted summary judgment to National Union. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.