VILLAGE OF ILION et al., as Municipal Corporations and on Behalf of their Constituent Taxpayers, Appellants, v COUNTY OF HERKIMER, Individually and as Administrator of the Herkimer County Self-Insurance Plan, et al., Respondents. (Appeal No. 1.) [879 NYS2d 875]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered March 31, 2008. The order, inter alia, granted the motion of defendant County of Herkimer, individually and as administrator of the Herkimer County Self-Insurance Plan, for summary judgment and dismissed the amended complaint against it.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting in part the motion of plaintiffs and placing venue in Oneida County and by denying in part the motion of defendant County of Herkimer, individually and as administrator of the Herkimer County Self-Insurance Plan, and reinstating the third cause of action, the fourth cause of action insofar as that cause of action alleges that the costs and withdrawal payments of the Herkimer County Self-Insurance Plan were not allocated by rational or actuarially sound methodology, and the ninth cause of action against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs are municipalities and former members of the Herkimer County Self-Insurance Plan (Plan), which was created in 1956 pursuant to article 5 of the Workers' Compensation Law. As the Plan's assessments increased, plaintiffs each attempted to withdraw from the Plan effective

January 1, 2005, but defendant County of Herkimer (County) determined that their notices of withdrawal were conditional and thus ineffective. Plaintiffs were instead assessed their respective shares of the Plan costs for the year 2005, but they refused to pay those shares or to participate in the "Abandonment Plan," which was adopted by the County to effectuate the Plan's termination. Plaintiffs commenced this action against the County and its third-party Plan administrators (collectively, defendants), and also named the municipal defendants as necessary parties inasmuch as they may be inequitably affected by the judgment. The amended complaint asserts 10 causes of action, including causes of action asserting that both the Plan and the Abandonment Plan violate the New York Constitution and the Workers' Compensation Law. Plaintiffs also alleged that defendants had mismanaged the Plan, and sought an accounting of its funds. Plaintiffs have refused to make any payments toward their continuing liabilities under the Plan for the years 2006 and 2007.

In appeal No. 1, plaintiffs contend that Supreme Court erred in granting the motion of the County for summary judgment dismissing the amended complaint, and they request that this Court search the record and grant summary judgment in their favor. Plaintiffs further contend in appeal No. 1 that the court erred in denying their motion for a change of venue and for recusal. In appeal No. 2, plaintiffs contend that the court erred in granting the motion of the County for summary judgment on its amended and supplemental counterclaims concerning plaintiffs' liability under the plan and seeking an inquest on damages.

With respect to appeal No. 1, we decline the request of plaintiffs to search the record and grant them summary judgment inasmuch as we conclude that their submissions are insufficient to establish their entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The future liability accrued by the Plan is derived from the estimated remaining balance of the future costs of existing workers' compensation claims, and that balance does not constitute "debt" within the meaning of the New York Constitution, article VIII, § 2 (see generally Wein v Levitt, 42 NY2d 300, 304-305 [1977]; Levy v McClellan, 196 NY 178, 200 [1909]). Further, plaintiffs' remedy for the failure of the County to provide annual reports pursuant to Workers' Compensation Law § 72 was first to request the reports and, in the event that the requests were denied and plaintiffs exhausted their administrative remedies without success (see generally Matter of

*Di Pietro v State Ins. Fund*, 206 AD2d 211, 213-214 [1994]), to commence a CPLR article 78 proceeding to compel production of the reports (*see* CPLR 7801; *Matter of Priest v Mareane*, 45 AD3d 1474, 1475 [2007], *lv denied* 10 NY3d 704 [2008]).

We agree with plaintiffs, however, that the court erred in granting that part of the motion of the County in appeal No. 1 for summary judgment dismissing the third cause of action, which alleges that the Plan and the Abandonment Plan improperly covered employees of certain nonmunicipal members. We therefore modify the order accordingly. The County failed to meet its initial burden inasmuch as it did not establish that the employees of the Mohawk Valley Ambulance Corps were volunteer ambulance workers, within the scope of Workers' Compensation Law § 63 (3) and Volunteer Ambulance Workers' Benefit Law §§ 3, 5 and 30. Thus, the burden never shifted to plaintiffs with respect to that cause of action (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). We further conclude that the court erred in granting those parts of the motion of the County for summary judgment dismissing the fourth cause of action insofar as it alleges that the costs and withdrawal payments of the Plan were not allocated by rational or actuarially sound methodology, and the ninth cause of action against the County, for an accounting, both of which bear on issues that are relevant to the upcoming inquest on damages. We therefore further modify the order accordingly. There are material issues of fact concerning the alleged mismanagement and the allocation of costs to be determined at the inquest on damages, thus precluding summary judgment dismissing the fourth cause of action in its entirety and the ninth cause of action against the County (*see generally Zuckerman*, 49 NY2d at 562).

Inasmuch as the County now agrees with plaintiffs that there should be a change of venue, that part of plaintiffs' motion seeking that relief is granted. We therefore further modify the order accordingly. Although we need not reach the further contention of plaintiffs with respect to recusal in light of our determination concerning venue, we note that we conclude that the Justice did not abuse his discretion in denying that part of their motion for recusal (*see* Judiciary Law §§ 14, 15; *Matter of Albany County Dept. of Social Servs. v Rossi*, 62 AD3d 1049 [2009]).

Finally, we conclude with respect to appeal No. 2 that the County met its burden of establishing its entitlement to judgment as a matter of law with respect to its motion for summary judgment on its amended and supplemental counterclaims and for an inquest on damages, and plaintiffs failed to raise a triable

issue of fact to defeat the motion (*see generally Zuckerman*, 49 NY2d at 562). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.