[962 NE2d 773, 939 NYS2d 282]

Jose Luis Toledo, as Administrator of the Estate of Joaquin Martinez, Also Known as Joaquin Martinez Vargas, Deceased, Respondent, v Iglesia Ni Christo, Appellant.

Argued November 14, 2011; decided January 10, 2012

**POINTS OF COUNSEL**

*Mauro Lilling Naparty LLP*, Great Neck (*Richard J. Montes, Caryn L. Lilling* and *Matthew W. Naparty* of counsel), and *Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger* for appellant. I. In a wrongful death action subject to CPLR article 50-B, future damages discounted to present value as of the date of the verdict should not be further discounted to the date of death such that plaintiff receives additional interest. (*Milbrandt v Green Refractories Co.*, 79 NY2d 26; *Woodling v Garrett Corp.*, 813 F2d 543; *Shu-Tao Lin v McDonnell Douglas Corp.*, 742 F2d 45; *Bryant v New York City Health & Hosps. Corp.*, 93 NY2d 592.) II. No valid compensatory purpose is served by allowing preverdict interest on future damages from the date of death, since these damages would not have been due and owing as of the date of death if the decedent had survived. (*Love v State of New York*, 78 NY2d 540; *Oiness v Walgreen Co.*, 88 F3d 1025; *Borges v Our Lady of the Sea Corp.*, 935 F2d 436; *Martin v Walk, Haydel & Assoc., Inc.*, 794 F2d 209; *Valley Line Co. v Ryan*, 771 F2d 366; *Rohring v City of Niagara Falls*, 84 NY2d 60; *Milbrandt v Green Refractories Co.*, 79 NY2d 26; *Pay v State of New York*, 87 NY2d 1011; *Desiderio v Ochs*, 100 NY2d 159.)

*Edelman & Edelman, P.C.*, New York City (*David M. Schuller* of counsel), for respondent. Preverdict interest is properly awarded on future wrongful death damages, provided that such future damages are discounted back to the date of death before interest is calculated. (*Milbrandt v Green Refractories Co.*, 79 NY2d 26; *Rohring v City of Niagara Falls*, 84 NY2d 60; *Pay v State of New York*, 87 NY2d 1011; *Love v State of New York*, 78

NY2d 540; *Woodling v Garrett Corp.*, 813 F2d 543; *Shu-Tao Lin v McDonnell Douglas Corp.*, 742 F2d 45; *Equal Empl. Opportunity Commn. v County of Erie*, 751 F2d 79; *Action S.A. v Marc Rich & Co., Inc.*, 951 F2d 504; *Jones & Laughlin Steel Corp. v Pfeifer*, 462 US 523; *Krumenacker v Gargano*, 276 AD2d 750.)

*McGaw, Alventosa & Zajac*, Jericho (*Andrew Zajac* and *Dawn C. DeSimone* of counsel), *Rona L. Platt*, Uniondale, *Brendan T. Fitzpatrick*, Albertson, *David Hamm*, New York City, and *Lawton W. Squires* for Defense Association of New York, Inc., amicus curiae. The methodology adopted by the courts below allows for an impermissible double recovery. (*Pay v State of New York*, 87 NY2d 1011; *Rohring v City of Niagara Falls*, 84 NY2d 60; *Milbrandt v Green Refractories Co.*, 79 NY2d 26; *Woodling v Garrett Corp.*, 813 F2d 543; *Shu-Tao Lin v McDonnell Douglas Corp.*, 742 F2d 45.)

**OPINION OF THE COURT**

CIPARICK, J.

The sole issue on this appeal is whether the trial court, in awarding preverdict interest, properly discounted future wrongful death damages back to the date of decedent's death and awarded interest from the date of death to the date of verdict. We agree with the courts below and affirm the judgment as entered. We do not reach the question of whether the interest should have been added to the future damages award discounted to the date of verdict or added to the award discounted to the date of death as that issue is not before us.

Decedent Joaquin Martinez Vargas was killed in a construction accident on September 21, 2002. Plaintiff Jose Luis Toledo, the administrator of decedent's estate, brought this negligence and wrongful death action against defendant church. Supreme Court granted summary judgment on the issue of liability on August 14, 2006. In November 2007, a jury trial was held to determine both past and future damages. Supreme Court instructed the jury to "determine the economic value of Joaquin Martinez to Claudia Vera [decedent's wife], Henri Hernan Martinez, and Christopher Martinez [decedent's children] on September 21, 2002, the date on which Mr. Martinez died."

On December 3, 2007, the jury rendered a verdict awarding plaintiff $150,000 for decedent's conscious pain and suffering, $310,000 for loss of earnings from date of death to date of verdict, $35,000 for spousal services lost from date of death to

date of verdict, $50,000 for loss of parental support for infant Henri from date of death to date of verdict, $15,000 for loss of parental support for infant Christopher from date of death to date of verdict, $2,000,000 for future lost earnings for 27 years, $0 for future lost spousal services, $400,000 for future parental loss for Henri for 16 years and $250,000 for future parental loss for Christopher for 17 years. After post-trial motions, defendant, relying on the testimony of its economist, stipulated to an additional $912,000 for future loss of spousal services representing 38 years from the date of verdict. The total jury award for future damages was $3,562,000.

Plaintiff submitted a proposed judgment to Supreme Court. That judgment included an award for future damages of $4,295,595 computed as follows: pursuant to CPLR 5041, plaintiff first subtracted the $250,000 lump sum from the jury's award of future damages of $3,562,000 and then discounted that total at a discount rate of approximately 4.33% to the date of verdict, December 3, 2007. The award (less the $250,000 lump sum) discounted back to the date of verdict was $3,104,848. Plaintiff then further discounted the award to the date of decedent's death, arriving at a value of $2,487,465. Plaintiff then calculated the interest on that discounted amount at the statutory interest rate of 9% from the date of death to the date of verdict (see CPLR 5004). The interest calculated was $1,190,747. Plaintiff then added the amount of the calculated interest from the date of death to the date of verdict to the discounted award as of the date of verdict, arriving at a total future damages award of $4,295,595.

Defendant submitted its own proposed counter-judgment, which neither discounted the verdict back to the date of death nor included *any* preverdict interest for the future wrongful death award. Supreme Court accepted plaintiff's proposed judgment and signed it on October 23, 2008.

Defendant then moved to resettle the award. Supreme Court denied the motion holding that, in actuality, the motion was one for reargument and that there were no matters of fact or law misapprehended by the court. Defendant appealed the judgment. Prior to the appeal, the parties entered into a stipulation which provided: "The sole issue to be presented on this appeal is the question whether the trial court properly discounted the future wrongful death damages back to the date of death, and awarded interest thereon from the date of death to the date of judgment." The Appellate Division initially reversed holding

that interest on future damages should only have been calculated from the date of the verdict (*see Toledo v Iglesia Ni Christo*, 71 AD3d 404, 405 [1st Dept 2010]). Upon reargument, the Appellate Division recalled and vacated its decision and, relying on EPTL 5-4.3 and our cases interpreting the statute, namely *Milbrandt v Green Refractories Co.* (79 NY2d 26 [1992]) and *Rohring v City of Niagara Falls* (84 NY2d 60 [1994]), held "[w]here as here, the award of future damages was discounted by the court to the date of liability, which is the date of death, the award of interest from that date to the date of judgment was proper" (*Toledo v Iglesia Ni Christo*, 75 AD3d 436, 436 [1st Dept 2010]). We granted defendant leave to appeal (15 NY3d 713 [2010]) and now affirm.

Defendant argues that our holding in *Milbrandt* prevents a plaintiff from collecting preverdict interest on future damages in a wrongful death action, because the interest from the date of death to the date of verdict has already been included in the discounted award at the time of the verdict, and that any additional interest would be an impermissible windfall to the plaintiff. Defendant further argues that awarding interest on future damages that have yet to be realized also constitutes an unfair windfall for plaintiff. We disagree.

Wrongful death awards in New York are provided for in the EPTL. Specifically, EPTL 5-4.3, relating to the amount of recovery in a wrongful death action, provides in pertinent part:

> "(a) The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought . . . Interest upon the principal sum recovered by the plaintiff from the date of the decedent's death shall be added to and be a part of the total sum awarded."

Applying this statute and its predecessor statutes, this Court and the courts below have long held that "prejudgment interest in a wrongful death action is 'part of the damages' " (*Davenport v Webb*, 11 NY2d 392, 394 [1962], quoting *Cleghorn v Ocean Acc. & Guar. Corp.*, 244 NY 166, 167 [1926]; *see also Welsh v Peerless Cas. Co.*, 8 AD2d 373, 376 [1st Dept 1959]; *Ashkenazy v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 245 AD2d 326, 327 [2d Dept 1997]), and that such interest should run from the

date of death to the date of verdict (*see Alfieri v Cabot Corp.*, 17 AD2d 455, 461 [1st Dept 1962] ["interest from the date of the wrongful death is an element of damages"]; *see also Duffy v City of New York*, 7 AD2d 988, 988 [1st Dept 1959]).

Furthermore, it has long been the rule in New York that the damages on a wrongful death action are due on the date of the death of the plaintiff's decedent (*see Radley v Leray Paper Co.*, 214 NY 32, 36 [1915]; *Murmann v New York, New Haven & Hartford R.R. Co.*, 233 App Div 446, 448 [2d Dept 1931], *revd on other grounds* 258 NY 447 [1932] ["The damages, theoretically, should have been paid at the time the loss was suffered, to wit, the date of death"]). Future damages are thus a debt owed entirely as of the date of liability—the date of death (*see Rohring*, 84 NY2d at 69-70)—and such damages award properly should include preverdict interest calculated from the date of death.

Consistent with this analysis, in *Milbrandt* we ruled "that no preverdict interest should be added to an award for postverdict losses if the award has not been discounted to a time prior to the award" (79 NY2d at 31). There, we observed that since the verdicts in *Milbrandt* and in the companion case *Schmertz v Presbyterian Hosp. in City of N.Y.* had not been properly discounted, preverdict interest on future damages awards would have been improper as it would indeed constitute a windfall (*see id.* at 36). Following the adoption of CPLR articles 50-A and 50-B, however, discounting is performed by the trial court and juries are specifically instructed, pursuant to CPLR 4111 (e), to award a *full* amount of future damages, without a reduction to present value.[1]

Moreover, in *Rohring* we stated "that future damages should be discounted to the date of liability, which by statute is the date of death, before interest is calculated on them" (84 NY2d at 69). We now conclude that the proper method for calculating preverdict interest in a wrongful death action is to discount the verdict to the date of liability, i.e., the date of death, and award interest on that amount from the date of death to the date of judgment.[2]

---

1. We note that CPLR article 50-A was amended in 2003, such that wrongful death damages in medical malpractice cases are awarded as a lump sum and not subject to structuring.

2. The dissent concludes that there is no justification under *Milbrandt* to discount the award back to the date of death at a discount rate which is

Finally, it should be noted that awarding preverdict interest on future damages to plaintiff is not a penalty against defendant. "The purpose of interest is to require a person who owes money to pay compensation for the advantage received from the use of that money over a period of time" (*Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 589 [2007]). "[T]he plaintiff has been deprived of the use of money to which he or she was entitled from the moment that liability was determined. That is a loss for which the plaintiff should be compensated" (*Love v State of New York*, 78 NY2d 540, 545 [1991]). "[A] rule that would permit the defendant to retain the cost of using the money (i.e., interest) would provide *the defendant* with a windfall" (*id.* [emphasis added])—a result we do not countenance.

Insofar as there is any issue concerning the accuracy of Supreme Court's calculation of the future damages award, that issue is not before us, nor was it litigated below. The stipulation entered into by the parties narrowed the scope of this appeal solely to the issue of "whether the trial court properly discounted the future wrongful death damages back to the date of death, and awarded interest thereon from the date of death to the date of judgment," not whether the calculation itself was accurate. Hence, we do not address whether the preverdict interest should have been added to the award discounted to the date of death or to the award discounted to the date of verdict.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

SMITH, J. (dissenting). In *Milbrandt v Green Refractories Co.* (79 NY2d 26, 36 [1992]) we held that, where future damages

"equal to the rate of return to be expected from reasonably safe investments" (79 NY2d at 32) and then add interest at the statutory rate of 9% (*see* CPLR 5004; dissenting op at 370). However, the concern in *Milbrandt* was not the discrepancy between the discount rate and the statutory interest rate, but the windfall that would occur if one added interest to an undiscounted award. To interpret *Milbrandt* in the manner in which the dissent does makes the distinction between personal injury awards which are due at the time of verdict and wrongful death awards which are due at the time of death meaningless. Such a reading also renders the language in *Rohring* that "future damages should be discounted to the date of liability, which by statute is the date of death, before interest is calculated on them" (84 NY2d at 69) similarly meaningless. That the difference between the discount rate and the statutory interest rate provides a benefit to plaintiff is an issue for the legislature and not one for judicial determination (*see Desiderio v Ochs*, 100 NY2d 159, 176 [2003, Rosenblatt, J., concurring]).

have been discounted to the date of a jury's verdict, the amount so calculated already includes interest up to that date and no further calculation of pre-verdict interest is necessary or appropriate. *Milbrandt* was a well-reasoned decision that reached a fair result, and the application of *Milbrandt* would produce a fair result in this case.

The majority here, however, holds that the date-of-verdict damages must be discounted back to the date of decedent's death, and that interest must then be added from the date of death to the date of verdict. This should be a useless but harmless exercise, for the two calculations should cancel each other; but here, for reasons no one has attempted to explain, the discounting was done using an interest rate of roughly 4%, while interest was calculated at the statutory rate of 9%—in effect doubling the interest and giving plaintiff a significant windfall. I see no justification for this procedure, and I therefore dissent.

## I

*Milbrandt*, like this case, was an action for wrongful death. In *Milbrandt*, as in this case, part of the jury's award was for "postverdict losses"—i.e., "what decedent would, in the future, have contributed to the care and support of his family" (79 NY2d at 32). In *Milbrandt*, "the court instructed the jury to discount the [post-verdict] damages by reducing the award to its cash value on the day of the verdict" (*id.*). Here, pursuant to CPLR article 50-B, the jury verdict included an undiscounted amount of post-verdict damages; the trial court, after modifying the verdict as the result of a pretrial motion and making certain other adjustments required by statute, calculated a date-of-verdict present value (*see* majority op at 366).* I see no reason why this difference—the difference between a calculation by the jury and one by the judge—should be significant, and I find *Milbrandt* controlling here.

In *Milbrandt*, we rejected the idea that the date-of-verdict present value needed to be the subject of any further interest calculation. We said:

> "When, as with the awards in the cases before us,
> an intended amount is not discounted to the date of

---

* The parties and the majority assume, as do I, that the date of the damages verdict is an appropriate date for a present value calculation. In principle, for the reasons I explain below, it should not matter what date is chosen as long as there is no discrepancy between the rate used in discounting back to a date and in adding interest after that date.

death, but only to the date of the verdict, *the award includes the return that would be earned on the principal from the date of death to the date of the verdict. . . .*

"If, as in the cases before us, the damages are discounted only to the date of verdict, then *that award already includes interest on the principal sum from the date of death to the date of verdict,* and additional interest is a windfall." (79 NY2d at 35-36 [emphasis added].)

We therefore held in *Milbrandt* that no pre-verdict damages should be added to future damages discounted by the jury to present value at date of verdict. For the same reason, in this case there is no reason to add anything to the $3,104,848 in date-of-verdict present value calculated by the court. That amount fully compensates plaintiff for his future losses as of the date of verdict.

## II

Plaintiff nevertheless asked the trial court for, and was granted, what he called "Interest on Future Wrongful Death Damages." He began his calculation of this amount by discounting the $3,104,848 from the date of verdict to the date of death. He did not disclose the interest rate he used in the discounting process, but it is clear from his result that it was approximately (or perhaps exactly) 4.36%. He arrived at a date-of-death value of $2,487,465, then calculated interest going forward to the date of verdict at 9%, producing an interest figure of $1,190,747. Then—for reasons I cannot fathom, and which plaintiff has not explained—he added this interest not to the date-of-death value, but to the date-of-verdict value of $3,104,848 (an amount which, by definition, already included interest at 4.36% from date of death to date of verdict), reaching a sum of $4,295,595 in future damages plus interest.

I put aside plaintiff's bizarre choice to add the interest to the date-of-verdict value, rather than to the date-of-death value on which it was calculated. This was obviously wrong—by adding interest to an amount that already included interest, plaintiff essentially claimed, and obtained, interest at more than 13% on his date-of-death value—but I acknowledge that, since defendant failed to complain of this error, we may be powerless to correct it. The more basic problem, of which defendant did

complain, is that plaintiff's whole calculation of "Interest on Future Wrongful Death Damages" makes no sense.

In principle, there is no harm in discounting back from date of verdict to date of death and adding interest from date of death to date of verdict—because if the discounting is done correctly, there is no difference between following that procedure and simply awarding the date-of-verdict present value, as *Milbrandt* did. The discount rate and the interest rate should be identical, and the amount subtracted and the amount added will thus cancel each other. As a federal Court of Appeals explained in *Woodling v Garrett Corp.* (813 F2d 543, 560 [2d Cir 1987]), a case we approved in *Milbrandt* (79 NY2d at 36, 37): "Assuming that the inflation-adjusted discount rate is based on the legal rate of interest, which is used in calculating prejudgment interest, this practice [discounting and adding interest] reaches precisely the same result as [awarding date-of-verdict value]."

The calculations, if done properly, reach the same result because the whole point of discounting is to find the amount of money on an earlier date that is equivalent in value to a given amount on a later date. To do so, one must choose a discount rate equal to the rate of interest the person holding the funds between the two dates is expected to earn (*see generally* Gilbert, *Forensic Discount Rates*, 1 J Legal Econ 40 [1991]). Here, choosing the discount rate is an easy task, because we know the interest rate plaintiff could expect to earn from the date of death to the date of verdict: 9%, by statute (CPLR 5004). And if we use that discount rate there is no need to do the exercise at all, because it consists in effect of subtracting and adding the same amount of money.

In *Rohring v City of Niagara Falls* (84 NY2d 60, 69 [1994]), we recognized the equivalence between the *Milbrandt* approach of awarding date-of-verdict value and the discounting and adding approach. We said in *Rohring*, "in [*Milbrandt*] we held that future damages should be discounted to the date of liability, which by statute is the date of death, before interest is calculated on them" (84 NY2d at 69). The majority quotes part of this language (majority op at 368), but omits *Rohring*'s reference to *Milbrandt* and thus obscures the key point: The discounting and adding approach is identical in substance to the *Milbrandt* approach—if the discounting and adding is done correctly.

It was not done correctly here. Plaintiff presented to Supreme Court, and obtained approval of, a calculation in which the discount rate was 4.36% and the interest rate from date of death was 9%. (I am ignoring the distinction between compound and simple interest, which does not affect the argument.) I do not find in plaintiff's submissions, or in the opinions below, or in today's majority opinion, any reasoned argument that supports discounting with a lower interest rate, and then adding back interest at a higher one. That is not only inconsistent with *Milbrandt*: it is an irrational procedure that accomplishes nothing except putting defendant's money in plaintiff's pocket.

Chief Judge LIPPMAN and Judges GRAFFEO, PIGOTT and JONES concur with Judge CIPARICK; Judge SMITH dissents in a separate opinion in which Judge READ concurs.

Order affirmed, with costs.