# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1445
CA 12-00088
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

VILLAGE OF ILION, ET AL., PLAINTIFFS,
AND VILLAGE OF HERKIMER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF HERKIMER, INDIVIDUALLY AND AS
ADMINISTRATOR OF HERKIMER COUNTY SELF-INSURANCE
PLAN, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 3.)

---

LONGSTREET & BERRY, LLP, SYRACUSE (MARTHA L. BERRY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (ALBERT J. MILLUS, JR., OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Oneida County (Anthony J. Paris, J.), entered September 21, 2011. The judgment, inter alia, awarded money damages to defendant County of Herkimer, individually and as administrator of Herkimer County Self-Insurance Plan, on its amended and supplemental counterclaims.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: The Village of Herkimer (plaintiff) is a former member of the Herkimer County Self-Insurance Plan (Plan), which was created in 1956 pursuant to article 5 of the Workers' Compensation Law. In 2005, plaintiffs commenced this action against, inter alia, defendant County of Herkimer, individually and as Plan administrator (County), after a dispute developed between the County and its municipalities with respect to the Plan's future. As relevant to this appeal, the County moved for summary judgment on its amended and supplemental counterclaims. Supreme Court granted the motion and directed an inquest on damages, and we affirmed (*Village of Ilion v County of Herkimer*, 63 AD3d 1549). At the ensuing inquest, a jury awarded the County $1,617,528 in damages against plaintiff, to which the court later added, inter alia, $833,580.87 in prejudgment interest.

The instant appeals are from various papers entered in connection with the damages inquest, including the final judgment rendered upon the jury verdict. Because plaintiff's right to appeal from the

interlocutory orders challenged in appeal Nos. 1 and 2 was terminated by the entry of the judgment challenged in appeal No. 3 (*see Matter of Aho*, 39 NY2d 241, 248), we dismiss the appeals from the orders in appeal Nos. 1 and 2 (*see Colonial Sur. Co. v Lakeview Advisors, LLC*, 93 AD3d 1253, 1254).  We necessarily considered the parties' contentions with respect to those interlocutory orders in connection with appeal No. 3, however (*see id.; see also* CPLR 5501 [a] [1]), and we now affirm the judgment thereby challenged.

The court did not err in declining to instruct the jury to discount any damage award that it rendered; "discounting is performed by the trial court and juries are specifically instructed . . . to award a full amount of future damages, without a reduction to present value" (*Toledo v Iglesia Ni Christo*, 18 NY3d 363, 368; *see* CPLR 4111 [e]).  In any event, contrary to plaintiff's contention, the County's award of damages did not actually constitute compensation for future losses; by its verdict, the jury found that plaintiff owed the County $1,617,528 as of December 31, 2005, a sum that it thereafter wrongfully withheld.  Inasmuch as there is no basis for discounting the award of damages, the court's award of prejudgment interest on those damages is neither a windfall nor a penalty (*cf. Milbrandt v Green Refractories Co.*, 79 NY2d 26, 31; *see generally Toledo*, 18 NY3d at 368-369).  Rather, it is fair compensation for the period in which plaintiff held money that rightfully belonged to the County (*see Love v State of New York*, 78 NY2d 540, 544).  Moreover, the court did not abuse its discretion in setting the rate of the prejudgment interest awarded at 9%, the maximum permitted by law (*see* General Municipal Law § 3-a [1]).  That rate is "presumptively fair and reasonable, notwithstanding any contemporaneous grant of judicial discretion to impose a lesser amount" (*Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 81), and plaintiff failed to rebut the presumption here (*see Denio v State of New York*, 7 NY3d 159, 168-169).  We have considered plaintiff's remaining contentions and conclude that they lack merit.

Entered:  February 1, 2013                            Frances E. Cafarell
                                                      Clerk of the Court