■ Pinhas Zahavi, Also Known as Pini Zahavi, Appellant, v JSBarkats PLLC, Sued Herein as JS Barkats, et al., Respondents. [23 NYS3d 882]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered April 9, 2015, awarding plaintiff interest at the statutory rate of 9% on a previously awarded principal sum, to the extent it brings up for review an order, same court and Justice, entered December 5, 2014, which, inter alia, granted plaintiff's motion to resettle a prior order, unanimously affirmed, and appeal from said judgment, to the extent it brings up for review an order, same court and Justice, entered April 16, 2014, which, inter alia, denied plaintiff's motion for partial summary judgment on his claim for an additional sum, unanimously dismissed, with costs.

Supreme Court acted within its authority in resettling an order to award interest owed to plaintiff (*see e.g. Williams v City of New York*, 111 AD3d 420 [1st Dept 2013]; *Matter of New York State Urban Dev. Corp. [Alphonse Hotel Corp.]*, 293 AD2d 354 [1st Dept 2002]). The court properly determined that the period of interest should commence from the date on which plaintiff established that defendants lacked any good faith basis for retaining the principal sum in escrow and therefore were no longer entitled to the protection of Judiciary Law § 497

(5), and could not be considered stakeholders within the meaning of CPLR 1006 (f). It is of no consequence that defendants received no benefit from the money because it was held in their IOLA account (*see Toledo v Iglesia Ni Christo*, 18 NY3d 363, 369 [2012]).

Plaintiff's appeal from the judgment is dismissed since it concerns the claim he voluntarily discontinued pursuant to CPLR 3217 (b).

We have considered all other claims and find them to be unavailing. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.