Village of Herkimer v County of Herkimer (2018 NY Slip Op 00756)





Village of Herkimer v County of Herkimer


2018 NY Slip Op 00756


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1472 CA 17-00988

[*1]VILLAGE OF HERKIMER, PLAINTIFF-APPELLANT, VILLAGE OF ILION, ET AL., PLAINTIFFS,
v
COUNTY OF HERKIMER, INDIVIDUALLY, AND AS ADMINISTRATOR OF HERKIMER COUNTY SELF-INSURANCE PLAN, DEFENDANT-RESPONDENT, PMA MANAGEMENT CORP., ET AL., DEFENDANTS. 






LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HINMAN, HOWARD & KATTELL LLP, BINGHAMTON (ALBERT J. MILLUS, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Anthony J. Paris, J.), entered August 4, 2016. The order, entered after a nonjury trial, determined the discount rate to be applied to the jury's prior damages award. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: The Village of Herkimer (plaintiff) is a former member of the Herkimer County Self-Insurance Plan (Plan), which was created in 1956 pursuant to article 5 of the Workers' Compensation Law. In 2005, plaintiffs commenced this action against, inter alia, the County of Herkimer (defendant), individually and as Plan administrator, after a dispute developed between defendant and its municipalities with respect to the Plan's future. Defendant moved for summary judgment dismissing the amended complaint against it and also moved separately for summary judgment on its amended and supplemental counterclaims concerning plaintiffs' liability under the Plan. Supreme Court granted defendants' two motions and directed an inquest on damages, and this Court affirmed the court's two orders (Village of Ilion v County of Herkimer, 63 AD3d 1546, 1549 [4th Dept 2009]). At the ensuing inquest, a jury awarded defendant $1,617,528 in damages against plaintiff, to which the court later added, inter alia, $833,580.87 in prejudgment interest. Plaintiff appealed the judgment on the ground, among others, that the dollar amount of the jury's award should be discounted to present value. This Court rejected plaintiff's position and affirmed the judgment (Village of Ilion v County of Herkimer [appeal No. 3], 103 AD3d 1168 [4th Dept 2013]), but the Court of Appeals modified on that ground and remitted the matter to the trial court for the purpose of establishing an appropriate discount rate (Village of Ilion v County of Herkimer, 23 NY3d 812, 822 [2014]). Upon remittal, the court conducted a nonjury trial and concluded that the discount rate would be 1.8% and ordered defendant to refund plaintiff the amount of $363,521.07 plus interest. This appeal by plaintiff ensued.
We agree with plaintiff that the court erred in failing to empanel a jury to determine the discount rate, and we therefore reverse the order and remit the matter to Supreme Court for a jury trial. "It is hardly necessary to state that the right to trial by jury is zealously protected in our jurisprudence and yields only to the most compelling circumstances" (John W. Cowper Co. v Buffalo Hotel Dev. Venture, 99 AD2d 19, 21 [4th Dept 1984]). " Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever[,]' . . . [and] [t]hat guarantee extends to all causes of action to which the right attached at the time of adoption of the 1894 Constitution" (id.). "Historically, however, actions at law were tried by a jury, matters cognizable in equity were tried by the Chancellor [and,] . . . [e]ven though [*2]the two systems have merged, vestiges of the law-equity dichotomy remain in the area relating to trial by jury" (id.). "Thus, the right to a jury trial depends upon the nature of the relief sought' " (Matter of Colonial Sur. Co. v Lakeview Advisors, LLC, 125 AD3d 1292, 1293 [4th Dept 2015], lv denied 26 NY3d 901 [2015]). CPLR 4101 provides, inter alia, that an action shall be tried by a jury when "a party demands and sets forth facts which would permit a judgment for a sum of money only" or when "a party is entitled by the constitution or by express provision of law to a trial by jury" (CPLR 4101 [1], [3]).
Here, it is undisputed that, prior to the original trial in this matter, plaintiff demanded a jury trial on all issues. During that trial, "[o]ver the [plaintiff's] objection, the jury was provided with a verdict form that did not allow for any damages discount" (Village of Ilion, 23 NY3d at 818). Although the Court of Appeals remitted the matter for the purpose of establishing a discount rate, it did not indicate whether the discount rate should be determined by the trial court or a jury. Nevertheless, prior to the trial that is the subject of this appeal, plaintiff renewed its request for a jury, which the court denied. Contrary to defendant's contention, neither article 50-A nor article 50-B of the CPLR requires that the discount rate be determined by the court. As the Court of Appeals stated, this is a breach of contract action (see Village of Ilion, 23 NY3d at 815). Article 50-A deals with periodic payment of judgments in actions concerning medical and dental malpractice, and article 50-B deals with periodic payment of judgments in actions concerning personal injury, injury to property, and wrongful death. Furthermore, we conclude that Toledo v Iglesia Ni Christo (18 NY3d 363 [2012]) does not require the trial court to determine the discount rate in this case inasmuch as Toledo was a wrongful death case within the purview of CPLR article 50-B. In light of our determination herein, plaintiff's remaining
contentions are hereby rendered moot.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court